EDWIN M. L'ENGLE, RESPONDENT, VS. THE FLORIDA CENTRAL RAILROAD COMPANY ET AL., APPELLANTS.

The defendant, a Railroad Company, moved to vacate an order previously made appointing a Receiver. To this the plaintiffs consented. The receiver objected. The court ordered the receiver to restore the railroad, its appurtenances and management to the company, but required him still to receive and disburse its earnings. Held to be error. The motion should have been granted so far as to restore to the owner the possession, managemement and control of the road, including the receipt and disbursement of its future earnings. The receiver should not have been heard in opposition to this motion.

This is an appeal from an interlocutory order of the Circuit Court of the Third Judicial Circuit for the county of Columbia.

The case is stated in the opinion of the court.

*Peeler & Raney* for Appellants.

No counsel for Respondent.

FRASER, J., delivered the opinion of the court.

This is an appeal from a part of an order made by the court below on March 27th, 1873, upon a motion of the defendant, consented to by the plaintiff, to vacate an order previously made appointing a receiver. No opposition was made to the motion except by the receiver himself. The court partly granted the motion, and partly refused it, grant-

L'Engle v. The Florida Central Railroad Co. et al.

ing it so far as to require the receiver to restore the railroad, its appurtenances and management to the company, and refusing it so far as to require the receiver still to receive and disburse its earnings and incomes. In this the court erred. The motion was to vacate, and being concurred in by all parties in interest, should have been granted so far as to restore the possession, management and control of the road to the owner, and such control should manifestly include the receipt and disbursement of its future earnings.

The receiver should not have been heard in opposition to this motion. He is not a party in interest. He has no standing in court for such purpose. "He has no right to intermeddle in questions affecting the rights of the parties or the disposition of the property in his hands." 3 Md. Ch. Rep. 303. When his accounts come up for adjustment, his relations will be different. He will then be a party in interest, and may be heard, and it will be the duty of the court to see that his rights are fully protected.

It is ordered, adjudged and decreed that the order of the court below of 27th March, 1873, so far as it directs the receiver, James M. Baker, to continue to receive and disburse the future earnings and incomes of said Florida Central Railroad Company, be reversed and set aside, and the cause remanded to the court below for further proceedings not inconsistent with this order.