No. 11,141.

THE STATE EX REL. VICTOR MAUBERRET, SYNDIC, VS. N. H. RIGHTOR, JUDGE CIVIL DISTRICT COURT.

1. Where an order of court directing a forced surrender and under which the district judge has appointed a provisional syndic has been revoked by consent of the parties at whose instance it was rendered, the provisional syndic has no legal interest or standing in court to contest the action of the judge in revoking the order.

2. The order appointing him provisional syndic was not a judgment. It was a mere ancillary conservatory order which shared the fate and fell with that to which it was incidental.

3. A definitive syndic is in a sense the agent of the creditors, but a provisional syndic is at best an officer of the court. He has no vested right to his position entitling him to hold it until divested from the same by direct action.

APPLICATION for Certiorari and Prohibition.

*Wynne Rogers* for the Relator.

*B. R. Forman* and *Farrar & Leake* for the Respondent.

The opinion of the court was delivered by

NICHOLLS, C. J. Relator alleges that by a judgment rendered by the judge of division "D" of the Civil District Court for the parish

of Orleans, the commercial firm of H. Kern & Son and the members thereof were granted a respite of six, twelve and eighteen months.

That thereafter on the 14th November, 1892, certain creditors of theirs took a rule against the said firm to show cause why they should not be declared insolvent and make a cession of their property and a provisional syndic be appointed to take charge of their effects.

That on trial, said rule was on 28th November, 1892, made absolute, and judgment was thereupon rendered declaring the said firm insolvents, ordering them to make a cession of their property, and appointing relator provisional syndic of their estate.

That said judgment was signed and became final the 2d of December, 1892.

That thereupon relator qualified as provisional syndic by taking the oath of office, giving his bond as fixed by the said judge in his said judgment, and complying with all the requirements of law, and received his letters as such provisional syndic.

That relator immediately entered upon the discharge of the duties of his office, and proceeded to obtain possession of all the assets and property belonging to said insolvents, and in furtherance of said object filed an intervention in the suit of " The H. B. Claflin Co. vs. H. Kern & Co.," said insolvents, which is a proceeding by attachment against the goods and property and rights of said insolvents pending in the Circuit Court of the United States for the Eastern District of Louisiana.

That in compliance with the said order and judgment of the said Civil District Court, the said H. Kern & Son, on the 8th of December, made a cession of their property and surrendered to your relator their property, as shown by their schedule then filed, and their said surrender was thereupon accepted by the said court for the benefit of their creditors.

That thereafter, without any notice or demand on relator, the said judge rendered a judgment on the 9th day of December, 1892, upon an *ex-parte* application in chambers, setting aside, revoking and annulling the former judgment rendered by him on the 28th day of November, 1892, as aforesaid, removing and destituting relator from his said office of provisional syndic, and appointing one T. C. Sachse to perform the duties of provisional syndic of said estate.

Relator avers that the rendition *ex parte* of the said judgment destituting relator as aforesaid was an illegal, arbitrary usurpation of

power by the said judge, and that he was without authority or power to render said judgment because the law of Louisiana forbids and prohibits the removal of a provisional syndic, or other such officer, except contradictorily by a direct action, or by an appeal from the judgment appointing him to the proper tribunal.

That by this arbitrary exercise and usurpation of power on the part of said judge he has been and will be caused irreparable injury, and that he has no adequate remedy or relief except by writs of prohibition and certiorari, and such other relief as this court might be competent to grant under its supervisory powers.

Relator prayed that this court issue a writ of certiorari directed to the Hon. N. H. Rightor, Judge of Division "D," Civil District Court, commanding him to send up a certified copy of the proceedings in the suit of H. Kern & Son vs. Their Creditors, and that an alternative writ of prohibition issue directed to said judge prohibiting him from proceeding further in the said cause until the further order of the court, and that he show cause why the said writs should not be made perpetual, and why the said order annulling the said judgment appointing relator provisional syndic should not be annulled and set aside.

The district judge has sent up the record as directed, and filed an answer denying all the allegations of relator's petition except such as are therein admitted.

In this answer he admits that H. Kern & Son obtained a respite in 1891, as alleged, and that on the 14th of November, 1892, B. R. Forman, Esq., representing certain creditors of theirs, took a rule on them to show cause why the order granting the respite should not be set aside and they be ordered to make a cession of their property, and a provisional syndic be appointed, and that on the 28th November, 1892, said rule was made absolute, and on the suggestion of said counsel for said creditors Victor Mauberret (the civil sheriff) was appointed provisional syndic, and his bond fixed at $5000—that he has filed a bond which has not been questioned, and that he otherwise qualified as provisional syndic, and that the order appointing h'm was signed 2d December, 1892.

He denies that relator as provisional syndic entered upon the discharge of his duties or took possession of any property of H. Kern & Son or of either of them, and avers that nothing went into his hands as provisional syndic. He further avers that he does not know what

he did in the United States Court. That on the 8th of December, 1892, the same creditors who asked for the appointment of relator as provisional syndic and for the order of the 28th of November, 1892, asked for its revocation. That the attorney for relator was present in court and took notice of the application to revoke and cancel the appointment of relator, and argued the matter with great zeal. That he did not ask for time or any further notice, and it is not true that " without any notice or demand upon relator, respondent rendered a judgment on December 9, 1892, upon an *ex-parte* application in chambers, setting aside, revoking and annulling the former order." That on the contrary it was done in open court, after a hearing had, on December 8, and after the attorneys for relator had been fully heard in open court, and had not asked for further time. That the court took the matter under advisement, and rendered its decision on the 9th December, in the presence of the counsel for relator.

That no motion has been made to revoke the order of December 9, 1892, and no appeal has been taken or asked for. Respondent submits that if an error was committed by him in signing the revoking order of December 9, 1892, relator's remedy was by a motion to rescind, or by an appeal.

That it appeared by sufficient evidence that relator had no property in his custody or control, and had not taken possession of any property of H. Kern & Son.

Respondent further avers that on December 8, H. Kern, for himself and his firm, did make a cession as appears by the petition filed, but he expressly says voluntarily and not under the order of November 28, 1892, and thereupon three creditors representing the aggregate amount of $48, asked for the appointment of relator as provisional syndic, he being present by his counsel urging his reappointment, and seven or eight creditors representing about $18,000 prayed that T. C. Sachse be appointed provisional syndic, and exercising his judicial discretion he appointed Sachse as provisional syndic.

That at no time during the course of the proceedings (at all of which relator was represented by his counsel) was there any exception to the jurisdiction of his court taken nor any want of notice pleaded, nor any delay asked for, and the whole matter was argued before him as judge of the court by the attorney for relator in open court, and was submitted and respondent acted after a trial and without any plea, oral or written, to the jurisdiction of the court.

An examination of the record shows that on the 28th of November, 1892, at the instance of several of their creditors, H. Kern & Son, who had in 1891 obtained an order for a respite, were declared insolvents, ordered to make a cession of their property, and relator was appointed as provisional syndic of the estate and that he qualified as such. It further shows that on the 8th of December, 1891, the firm presented a petition, accompanied by a schedule of assets and liabilities, in which they expressed their desire to make a " voluntary surrender " irrespective " of any order of court commanding them to do so."

They prayed for an order for a meeting of creditors, for general relief and all needed orders in the premises. On the same day the court rendered an order accepting this " voluntary surrender" and granting the incidental prayers.

This action of H. Kern & Son seems to have been predicated upon a knowledge on their part that it would be consented to by the parties at whose instance the order of the 28th of November, 1892, was entered, for on the same day their petition was presented, three creditors appeared, and, suggesting to the court that H. Kern & Son had made no surrender of their property, had filed no schedule, and that the provisional syndic had not gone into actual possession of any of the property, rights or assets of the firm, and that no further proceedings of any kind since the entry and signing of the said judgment had been taken by appearers, or said firm, except that said firm had that day made a voluntary surrender; and further suggesting that they, as the creditors at whose instance said judgment was rendered, did not desire at that time to force the filing of a schedule or the surrender of the property of H. Kern & Son, they consented that the judgment rendered and signed as aforesaid be vacated, annulled, revoked and set aside; and prayed that said judgment be at once revoked, annulled and set aside, the appointment of said provisional syndic revoked and his bond canceled.

On the 9th of December, 1892, reciting the written consent of their creditors, and that it had been further made to appear that H. Kern & Son had not made a cession of their property nor surrendered the same under the aforesaid judgment, and that the provisional syndic had not gone into actual possession of the property, rights and assets of the said H. Kern & Son, and that it had been made to appear that the said creditors assented to the revocation, annulment

and cancellation of the said judgment, and that the law and the evidence was in favor of the said creditors, the court ordered and decreed that the judgment of the 28th November, 1892, ordering the forced surrender and appointing relator provisional syndic be annulled, revoked and set aside, and the appointment of relator as provisional syndic recalled, canceled, annulled and declared of no force, virtue or effect, and his bond canceled. On the same day, upon the application of several creditors of H. Kern & Co., T. C. Sachse was appointed by the court as provisional syndic.

It will be seen from the order or decree of the 9th of December, 1892, that it first revoked directly the original order of the 28th of November, 1892, declaring H. Kern & Son insolvents, directing a forced surrender and appointing relator provisional syndic, and next directly revoked and recalled relator's appointment as provisional syndic, and that the latter's complaint is leveled exclusively at that portion of it having reference to himself. Relator in his pleadings ignores that portion revoking the order for a forced surrender, and he assumes that the cession made by H. Kern & Son was under and by force of the action taken against them by the creditors.

Relator is mistaken in designating as a " judgment" that portion of the order of the 28th of November which appointed him provisional syndic, and in seeking to apply to it rules applicable to judgments. What he relies on as a judgment is a mere temporary conservatory order, which the judge has the authority and the right to modify at his discretion.

The definitive syndic is in a sense the agent of the creditors, but the provisional syndic is at best an officer of the court. He has no vested right to the position, but holds it subject to the pleasure of the judge in so far as he himself is individually concerned. It by no means follows that because the " provisional syndicship " continues until the appointment of a syndic proper, that a particular person can successfully claim that as provisional syndic he holds by a fixed tenure during that same period.

In the present case the court thought proper to revoke the order by which H. Kern & Son were thrown into forced insolvency. Relator was absolutely without right or interest to control the judge as to this action before, or to question its legality or its propriety, after it had been taken. If it be subject to criticism or attack it must be

State ex rel. Scallen vs. Judge.

at the hands of some one who has legal concern in it, and that the relator has not.

A sheriff could just as well contend that he could legally object to the action of a court in dissolving an attachment or an injunction where the parties in interest consent to it, by reason of his actual or prospective fees in the matter.

When the order for a forced surrender was revoked relator's appointment fell as a necessary consequence of the revocation. It was incidental or ancillary to that order and shared its fate.

In L'Engle vs. The Florida Railroad Company the Supreme Court of Florida, in disposing of an appeal taken by a receiver from an order vacating, on motion, his appointment, said:

" The receiver should not have been heard in opposition to this motion. He is not a party in interest. He has no standing in court for that purpose. He has no right to intermeddle in questions affecting the rights of the parties, or the disposition of property in his hands. 3 Md. Ch. Rep. 303.

"When his accounts come up for adjustment his relations will be different. He will then be a party in interest and may be heard, and it will be the duty of the court to see that his rights are fully protected." 14 Florida, 267.

In the case before us the provisional syndic has received no prop - erty.

The application has no possible foundation on which to stand.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the provisional order herein given be rescinded, and that the writs of certiorari and prohibition asked for be and the same are hereby refused.