94 So.2d 174 (1957)
J. Gerald LEWIS, Petitioner,
v.
GRAMIL CORP., Defendant, Gerald Shingledecker, George Eadle Orr and Boardman & Bolles, Respondent.
Supreme Court of Florida, Division B.
April 3, 1957.
*175 Herbert E. Kaufman, Miami, for petitioner.
Boardman & Bolles, Miami, for respondents.
O'CONNELL, Justice.
This is a petition for certiorari wherein the petitioner J. Gerald Lewis seeks review of an order granting fees and expenses to a receiver and fees to the attorneys for the receiver.
The petitioner was the plaintiff below in a suit to foreclose a third mortgage on a hotel in Miami Beach. The receiver was appointed on motion of the petitioner. The validity of his appointment is therefore not an issue. Petitioner purchased the hotel at the foreclosure sale, taking the property subject to the two prior mortgages. The foreclosure sale resulted in a deficiency of more than $12,000, hence petitioner's interest in the fees and costs in question.
From the record and briefs before us it appears that the receiver was in control of the hotel in question for approximately 90 days. He surrendered possession to the petitioner on January 7, 1957 and thereafter filed his "Petition for Approval of Account and Allowance of Fees." To this petition the receiver attached his report of receipts, disbursements and funds on hand. He asked for approval of said report, for fees for himself, reimbursement of expenses and fees for his attorneys.
The receiver alleged in his petition, which was sworn to, that he had expended a total of 343 hours in performing various duties in managing the hotel, promoting its business, and protecting the property He alleged he believed the hotel to be worth $350,000.
The report of receipts and disbursements attached to the receiver's petition shows that he received from rents a total of $10,256.46, of which sum $1,148.76 was for advance rents which would be earned after the receiver had surrendered possession. The net balance remaining in the receiver's hands was only $234.56.
The receiver alleged that because of the complex nature of the receivership it was necessary that he seek the advice of attorneys to assist him in negotiating with creditors of the corporation (which corporation is not alleged) and in handling the other legal matters in the receivership.
He alleged that he had expended the sum of $192.65, "which expenditure covers automobile mileage, parking and bridge toll."
The receiver did not ask for a specific sum either for his services or those of his attorneys.
The petitioner here, plaintiff below, filed a sworn answer to the receiver's petition for approval of accounts and for fees in which he: (1) denied that the property was worth the sums alleged by the receiver; (2) objected to allowance of attorney's *176 fees on the grounds that the receiver had not been authorized by the court to employ an attorney and that there was no necessity for the receiver to employ an attorney; and (3) objected to payment of the expenses of $192.65 claimed by the receiver on the ground that said expenses were neither substantiated nor allowable. Petitioner further alleged that the average number of guests in the hotel, during the receivership, was only 15 to 20 out of an available 61 rooms.
The receiver's petition was set for hearing before the chanceller, who after hearing arguments of counsel entered an order wherein he granted the receiver a fee of $2,500, costs in amount of $192.65 and attorney's fees in amount of $650. The record before us indicates that no evidence was taken on the petition and that the chancellor entered his order based solely upon the receiver's petition, the answer of petitioner, and argument of counsel. The briefs of the parties indicate this to be true.
The petitioner in essence contends that the chancellor abused his discretion in awarding the fees and expenses allowed in this case.
That the allowance of fees and expenses to a receiver is within the sound discretion of the chancellor is clear, but as in all other matters such discretion is not an unbridled one. The allowance of such fees and expenses is discretionary only in the sense that there are of necessity no fixed rules, no schedule of fees, no mechanical means by which to determine what is a proper allowance thereof. Such allowance is not discretionary in the sense that the chancellor is at liberty to award anything more or less than fair and reasonable compensation for the services rendered or monies expended in each individual case.
While, as we have said above, there are no fixed rules or schedules by which fees may be determined we have prescribed considerations affecting allowance of fees to guide chancellors in determining such matters. Hazen v. Stevens, 1910, 60 Fla. 460, 53 So. 716 and W. & W. Corp. v. Feit, 1931, 101 Fla. 1091, 134 So. 57. Also see 75 C.J.S., Receivers, § 389(b), p. 1064 et seq.
We are loath to interfere with the exercise of discretion by the chancellor in any matter wherein he is authorized to exercise it. Nevertheless, when review is sought by an aggrieved party it is our ultimate responsibility to determine whether such discretion was reasonably and lawfully exercised. Where the record fails to establish to our satisfaction a reasonable basis for the exercise of an enlightened and sound judicial discretion we must return the cause to the chancellor with directions to take and receive such testimony and evidence as is necessary to enable the chancellor to properly exercise his discretion, and which will afford a basis on which the appellate court may intelligently review it, if review be sought.
There is in the record before us only the petition and answer, the essentials of which we have recited above. These pleadings do not constitute sufficient proof, in our opinion, to enable the chancellor to properly exercise his judicial discretion nor do they afford an adequate basis on which we can intelligently review his order.
Allowance of fees and expenses to a receiver is a judicial question to be judicially determined in judicial proceedings. As in other judicial proceedings the burden is on the moving party, the receiver in this case, to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered the receivership estate and the amount of compensation to which he is reasonably entitled as well as the propriety and correctness of the expenditures for which he claims reimbursement or approval.
*177 The very nature of these allowances, constituting, as they do, enforceable costs in a court of justice, command and should receive the closest scrutiny of the courts and should never be awarded in a perfunctory proceeding.
The chancellor should see to it that there is offered and that the record contains sufficient proof to show the nature and extent of the services rendered by the receiver, the responsibility assumed by him, the character and extent of the property committed to his care, the beneficial results of his management, the complexity of his task, the opinions of persons of experience as to the value of the services rendered by the receiver, and proof of any other material factors. And of course, interested parties should be afforded the opportunity to rebut the proof offered by the receiver.
We feel too that a receiver and attorneys who seek and receive compensation for services rendered as officers of the court in receivership proceedings, as well as others, should be gravely concerned with seeing that the record in such cause reflects adequate proof that they have earned the sums awarded, so as to protect themselves and the court which they serve from accusations that they have benefitted unjustly from such proceedings.
In determining such allowances the chancellor, of course, must draw upon his own experience and knowledge in such matters and upon the record of the cause as it exists before him, but he should not in any case rely solely upon those sources.
Petitioner contends that the services of the attorneys were not needed by the receiver, that he did not get approval of the court to hire them and that the fees allowed were excessive.
The chancellor obviously determined that the receiver had need of legal services, else he would have allowed no fees. It does appear from the record that the receiver had some need for legal services in qualifying as receiver and in filing his petition for approval of accounts and for allowance of fees and expenses.
The better practice, both for the receiver and the attorneys, would be for the receiver to obtain approval of the court prior to the engaging of counsel and rendition of services by them. Nevertheless if legal services are required, a receiver may be allowed a reasonable sum for legal fees even when he did not obtain prior court approval for retaining such services. 75 C.J.S., Receivers, § 383.
As in the matter of the receiver's fees we find no adequate proof upon which the chancellor could have determined the extent of the need for legal services by the receiver, the amount of legal services rendered, or the reasonable value thereof, and what we have said above concerning the awarding of receiver's fees is equally appropriate to attorney's fees for a receiver.
As to the sum awarded the receiver for expenses, the allegation in the receiver's petition that he had expended said sum and that it "* * * covers automobile mileage, parking and bridge toll" is the only evidence on the matter in the record before us. It may well be that the receiver can show, as he should be required to do, that such expenditures were necessary to the performance of his duties and he may be able to substantiate them, but he has not done so in the record before us.
We feel constrained to say that while sufficient fees should be allowed to induce competent persons to serve as receiver, as attorney for receiver, or to render other essential services, receiverships should be administered as economically as reasonably possible, and therefore allowances for services performed by court officers must be just but should be moderate rather than generous. 75 C.J.S., Receivers, § 389(a), p. 1064.
*178 It is our conclusion that the receiver is entitled to a fee both for himself and his attorneys. However, we are unable to determine from the record before us whether the sums awarded were reasonable or excessive, nor are we able to determine whether the expenses allowed were either allowable or reasonable. Further, as we have said above, we do not believe that the chancellor had before him adequate proof to properly exercise his discretion in determining those questions.
In accordance with what we have written above, certiorari is granted, the order sought to be reviewed is quashed, and the cause is remanded with directions that the chancellor take such further proceedings as are consistent with this opinion.
TERRELL, C.J., and HOBSON and DREW, JJ., concur.