PEARSON, Judge.
A final decree of dissolution of Fred-cris, Incorporated, was entered on March 26, 1957 and a receiver was appointed pursuant to section 608.28, Fla.Stat, F.S.A. On April 8, 1958 the chancellor entered an order providing for the compensation of the receiver and his attorney. The portions of this order pertinent to this appeal are as follows:
“That the present better financial condition of the Corporation was obtained in spite of the hostile attitude of Sally Frankel and her attorneys, Sibley & Davis, who prevented the Receiver and his attorney from obtaining a higher bid at the Public Auction by their threats of litigation, claims of the illegality of the proceedings, and denial of their stipulation, made in Open Court, in regard to the sale, and that the Receiver and his attorney, by their own testimony, if no litigation was carried on by Sally Frankel and her attorney, Sibley & Davis, that each would have been adequately compensated in obtaining these results by a payment of a fee considerably lower in amount;
“That the record and testimony discloses that Sally Frankel and her attorney, Sibley & Davis, have caused the Receiver and his attorney to defend their actions before this Court, and before another Court in this Circuit, and necessitated the time and expense of the attorney for the Receiver in preparing the briefs, and arguing the issues raised before the Supreme Court of Florida at Tallahassee, on a Writ of Certiorari, where the issues were resolved upholding this Court and the Receiver, and subsequently, by preparing briefs and arguing the same and enlarged issues, on appeal before the *903 District Court of Appeal, and again on a petition for a rehearing by Sally Frankel and her attorney, Sibley & Davis, which was denied;
“That, taking all of this needless litigation, over which the Receiver and his attorney had no control, into consideration the Court finds that the claim of the Receiver and his attorney for services rendered and expenses, are most reasonable, and should be allowed in full; and the Court cannot help but note that the Receiver and his attorney have done a remarkable job of marshalling any assets, which would have been considerably more, and with less expense to the corporation but for the needless and hostile litigation created by one of the disgruntled stockholders, Sally Frankel, and her counsels, Sibley & Davis, and the Court only regrets that the Statutes prevent charging this additional cost to the stockholder, Sally Frankel.
“It is therefore, Ordered, Adjudged, and Decreed:
“1. That the Final Report of Gerald Shingledecker the Receiver, be and is hereby approved, and all actions of his and his attorney, as set out therein and in claim for their fees are ratified and approved, as being for the best interest in this cause;
“2. That the Receiver is ordered and directed to pay unto his attorney, Milo F. Mitvalsky, the sum of $2,294.85, which, plus the $600.00 partial payment heretofore made, shall be in full compensation for his services, and expenses as the attorney in this cause;
“3. That the Receiver is hereby ordered and directed to pay unto himself the sum of $3,250.00, which, plus the partial payment of $600.00 heretofore made, shall be in full payment of his services and expenses in this cause.”
Sally Frankel, a stockholder and creditor of Fredcris Incorporated has appealed from this order and assigned as error the amount of the fee allowed to the receiver and the amount of the fee allowed to the attorney for the receiver. Inasmuch as it affirmatively appears from the order appealed that the chancellor included in the services for which compensation was allowed, items for which the estate is not chargeable, the awards are set aside and the cause returned to the trial court for the reassessment of fees excluding compensation for services performed by the receiver and his attorney in defending the interests of the receiver.
At least a part of the litigation, for which compensation was allowed to the receiver and his attorney, took place in this court. See In re Fredcris, Incorporated, Fla.App. 1958, 101 So.2d 49. It further appears from the quoted portions of the chancellor’s order that in the litigation referred to the receiver and his attorney were seeking “to defend their actions.” In this connection the record reveals the following statement of the attorney for the receiver during the hearing at which the fees were set:
“All during this time this Receiver and this attorney were harassed by hearings in resistance to orders, and hearings, and attempts to take these matters before other Courts in the District, who on examining the files and records; refused to hear the same; that there was an appeal by writ of certiorari made to Tallahassee by Irving Levenson, of the firm of Sibley and Davis, representing Sally Frankel; that I, as Receiver’s attorney, did not want to go to the expense of attending the hearing and only at the request of the Receiver and all parties concerned I was prevailed to go. That the matter was determined in favor of the lower Court and their writ of certiorari denied; that thereupon there was a hearing in the District Court of Appeals in which Mr. Sibley, *904 of the firm, represented Sally Frankel in which they raised the question of the Court over the subject matter and jurisdiction over the persons. That the Supreme Court, in a decision not yet reported, District Court of Appeals, in a decision not yet reported, although an opinion and mandate was filed, upheld the lower Court in its order of dissolution, and subsequently a petition for rehearing was filed by Mr. Sibley, of the firm of Sibley and Davis, all of which was resisted by myself as the attorney for the Receiver, and that was denied.
“I would further state for the record that if it was not for the litigation incurred and by the appeals, the same results could have been obtained and I, as attorney for the Receiver, for my work would have been most happy to receive a fee of $1,000.00, or less, on obtaining the same results, if it was not for all this litigation incurred by Sibley and Davis for the stockholder Sally Frankel.”
In the case of L’Engle v. Florida Central Railroad Co., 14 Fla. 266, it was held that a receiver was not a party in interest to be heard upon a motion to vacate an order previously made appointing him receiver. The Court observed: “He [the receiver] has no right to intermeddle in questions affecting the lights of the parties or the disposition of the property in his hands.”
It is generally held that a receiver is entitled to compensation from the estate for the protection of the rights of the estate, but not for defending his own actions. See cases cited at 45 Am.Jur., Receivers § 278 (1956). Receiver’s fees and his right to compensation for his attorney are limited to proceedings in which the receiver benefited the estate. Godfrey v. Powell, 5 Cir., 1947, 159 F.2d 330. In the case of Lewis v. Gramil Corp., Fla. 1957, 94 So.2d 174, 176, the Florida Supreme Court points out:
“That the allowance of fees and expenses to a receiver is within the sound discretion of the chancellor is clear, but as’ in all other matters such discretion is not an unbridled one. The allowance of such fees and expenses is discretionary only in the sense that there are of necessity no fixed rules, no schedule of fees, no mechanical means by which to determine what is a proper allowance thereof. Such allowance is not discretionary in the sense that the chancellor is at liberty to award anything more or less than fair and reasonable compensation for the services rendered or monies expended in each individual case.
sje % j{c #
“Allowance of fees and expenses to a receiver is a judicial question to be judicially determined in judicial proceedings. As in other judicial proceedings the burden is on the moving party, the receiver in this case, to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered the receivership estate and the amount of compensation to which he is reasonably entitled as well as the propriety and correctness of the expenditures for which he claims reimbursement or approval.”
In the order now being considered, part of the compensation allowed was for participation in litigation concerning the receiver’s appointment. In that litigation the receiver had no standing. The controversy was entirely between the parties advocating his appointment and those resisting his appointment. The receiver, as an officer of the court, had no interest in defending the propriety of his appointment and the corpus of the estate cannot properly be charged with his fees and expense for such activity.
Therefore, the order appealed is reversed, and the cause remanded for such further proceedings as the chancellor shall *905 find proper, in order to determine the portion of the fees to he allowed to the receiver and his attorney, which are chargeable to the estate under the views expressed herein.
Reversed and remanded.
HORTON, Acting Chief Judge, and LOPEZ, AQUILINO, Jr., Associate Judge, concur.