PER CURIAM.
A previous appeal in this cause is reported at Fla.App., 108 So.2d 901, 904. The order then under appeal provided -for the compensation of the receiver and his attorney. Upon that appeal we held as follows:
“In the order now being considered, part of the compensation allowed was for participation in litigation concerning the receiver’s appointment. In that litigation the receiver had no standing. The controversy was entirely between the parties advocating his appointment and those resisting his appointment. The receiver, as an officer of the court, had no interest in defending the propriety of his appointment and the corpus of the estate cannot properly be charged with his fees and expense for such activity.
“Therefore, the order appealed is reversed, and the cause remanded for such further proceedings as the chancellor shall find proper, in order to determine the portion of the fees to be allowed to the receiver and his attorney, which are chargeable to the estate under the views expressed herein.
“Reversed and remanded.”
Subsequent to the issuance of the mandate of this court the Circuit Court of Dade County again fixed the fees, granting to the attorney for the receiver the sum of $2,894, which was exactly the same amount the court had allowed the attorney before the mandate of this court was issued. This appeal is directed to the last order and the sole question presented is whether the trial court was required by the mandate of this court to award a lower fee to the attorney for the receiver.
The chancellor set forth the proceedings which took place subsequent to the remand of the cause and the results reached in the following language:
“The transcript of testimony taken before this Court on April 8th, 1958, along with the exhibits of services performed and expenses incurred by the Receiver and Attorney filed in the first application for allowance of attorney fees were admitted into evidence, testimony taken, and the argu *301 ments of counsel’s parties involved herein was heard.
“The- Court does find:
******
“That the time performed by the Attorney totalling 161 hours less 34 hours previously set out as being involved in the Sally Frankel Appeal, now total 127 hours, and the Court does find without objection of the Counsel, that the reasonable value for services performed in this matter are the value of $25 per hour in Dade County, Florida in matters of this kind which would set the reasonable fee for services of the Attorney in the amount of $3175.
“That in open Court both Counsel and Receiver stated that they would be willing to accept the original allowance in full settlement of their claims in lieu of the fee that the Court finds just in this cause and that each does waive the difference to which they are entitled.
“It is therefore ordered and adjudged that the fees allowed to the Receiver, Gerald E. Shingledecker, for services and expenses rendered in this cause in the sum of Thirty-Two Hundred Fifty and °%oo Dollars ($3250.00), are hereby allowed in full payment of fees and expenses rendered in this cause, and the sum of Twenty-Eight Hundred Ninety-Four and 8%oo Dollars ($2894,85) to Milo F. Mitvalsky, are hereby allowed in full payment of fees and expenses rendered in this cause.”
The opinion of this court specifically directed that the chancellor take only such further proceedings necessary to determine the portion of the fee to be allowed to the receiver and his attorney. The proceeding reassessing the fee of the attorney for the receiver at the same amount previously determined was not in compliance with the opinion and thus contrary to the mandate of this court. See Bloxham v. Florida Cent. & P. R. Co., 39 Fla. 243, 22 So. 697.
The record on this appeal reveals that the attorney for the receiver was not entitled to compensation for 34 of the 161 hours for which he was compensated by the first order. The first order allowed the attorney for the receiver the sum of $2,894.85 ($2,294.85 plus $600 partial payment) for the 161 hours. Thus the receiver was entitled to slightly less than 79% of the compensation allowed. This amount is $2,283.46. It is therefore ordered that the fee allowed to Milo F. Mitvalsky, attorney for the receiver in full payment of fees and expenses rendered in this cause, is the amount of $2,283.46 of which $600 has been paid, leaving a balance of $1,683.46 to be paid.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JT., concur.