PER CURIAM.
This is an appeal from an order awarding fees to a receiver and to the attorney for the receiver. The appellants will be referred to herein as the plaintiff and the receiver as the appellee.
The parties to the original action made a settlement of their dispute and the only matter before us is the correctness of the award of the fees for the receiver and the attorney for the receiver. The facts on which the awards are based are, essentially, as follows.
The appellants were served with a copy of the final report of the receiver and a petition for fees on October 12, 1964. Attached to the sworn report and petition were letters from the receiver’s accountant; a profit and loss statement; a statement of accounts receivable as of September 18, 1964; a résumé from the receiver as to time and services, and an affidavit from the secretary of the receiver as to time and services.
Appellants allege that they received these pleadings on the afternoon of October 12, 1964 and that a hearing was held at 8:00 A.M. on October 13, 1964, at which time they objected, in writing, to the final report of the receiver and to the fees requested. The record does not reflect any testimony adduced in support of the pleadings. Based on these pleadings the trial court entered its order awarding a fee to the receiver and to an attorney for the receiver.
The Supreme Court of Florida was faced with essentially the same problem in Lewis v. Gramil Corp., Fla.1957, 94 So.2d 174. There the receiver filed his sworn petition *587 for fees and attached his report of receipts, disbursements and funds on hand. The record there indicated that no evidence was taken on the petition and the chancellor entered his order based solely on the receiver’s petition, the answer, and argument of counsel. Justice O’Connell for the court stated, on page 176:
* * * * * *
“There is in the record before us only the petition and answer, the essentials of which we have recited above. These pleadings do not constitute sufficient proof, in our opinion, to enable the chancellor to properly exercise his judicial discretion nor do they afford an adequate basis on which we can intelligently review his order.
“Allowance of fees and expenses to a receiver is a judicial question to be judicially determined in judicial proceedings. As in other judicial proceedings the burden is on the moving party, the receiver in this case, to show by •appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered the receivership estate and the amount of compensation to which he is reasonably entitled as well as the propriety and correctness of the expenditures for which he claims reimbursement or approval.
“The very nature of these allowances constituting, as they do, enforceable costs in a court of justice, command and should receive the closest scrutiny of the courts and should never be awarded in a perfunctory proceeding.
“The chancellor should sec to it that there is offered and that the record contains sufficient proof to show the nature and extent of the services rendered by the receiver, the responsibility assumed by him, the character and extent of the property committed to his care, the beneficial results of his management, the complexity of his task, the opinions of persons of experience as to the value of the services rendered by the receiver, and proof of any other material factors. And of • course, interested parties should be afforded the opportunity to rebut the proof offered by the receiver.”
******
It may well be that upon reversal the court may award the same fees, or lesser or greater fees than those awarded in the decree appealed from. We are not here concerned with that phase of the case.
We are of the opinion that there was insufficient evidence in the record upon which to base a sound judicial decision and therefore we reverse the decision and return the cause to the chancellor with directions to hear such testimony and receive such evidence as is necessary and proper in this matter.
Reversed and remanded.