562 So.2d 718 (1990)
SOUTHEAST BANK, N.A., Appellant,
v.
Salvatore INGRASSIA, Appellee.
No. 88-2386.
District Court of Appeal of Florida, Third District.
April 24, 1990.
Rehearing Denied July 3, 1990.
*719 Haley, Sinagra & Perez, and Martin L. Hannan and J.T. Haley, Miami, for appellant.
Salomon, Kanner & Damian, and Vincent E. Damian, Jr., Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Southeast Bank appeals a non-final order awarding fees in a receivership. We reverse.
Southeast Bank was the lender on two real estate development projects. When the projects were partly completed and partly occupied, the developer defaulted and abandoned the projects. There was a dispute about who was entitled to receive rental payments during the pendency of the foreclosure action. For that and other reasons Southeast's motion for appointment of a receiver was granted and appellee was designated receiver. After five months the court dissolved the receivership, turned the property over to Southeast, and awarded receiver, accountant, and attorney's fees.
Southeast's principal contention on appeal is that the fee award was excessive. We agree. Here the receiver had essentially three functions: to collect and account for rentals from the existing group of tenants; to proceed with a certain amount of construction and maintenance in order to secure and preserve the uncompleted units; and to participate as appropriate in the underlying litigation by reporting to the court, consulting with litigants, and invoking the aid of the court as necessary.
In obtaining a fee award, the burden is on the receiver
to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered the receivership estate and the amount of compensation to which he is reasonably entitled as well as the propriety and correctness of the expenditures for which he claims reimbursement or approval.
*720 Lewis v. Gramil Corp., 94 So.2d 174, 176 (Fla. 1957). There is no fixed fee schedule, and the setting of an appropriate amount is remitted to the sound discretion of the trial court. Id. Among the factors to be considered are "the nature and extent of the services rendered by the receiver, the responsibility assumed by him, the character and extent of the property committed to his care, the beneficial results of his management, the complexity of his task, the opinions of persons of experience as to the value of the services rendered by the receiver, and proof of any other material factors." Id. at 177. The court has also indicated "that while sufficient fees should be allowed to induce competent persons to serve as receiver, ... receiverships should be administered as economically as reasonably possible, and therefore allowances for services performed by court officers must be just but should be moderate rather than generous." Id. (citation omitted); see also Aerovias Internacional Balboa, S.A. v. Torres, 176 So.2d 586 (Fla. 3d DCA 1965).
Southeast's principal contention is that the trial court erred by awarding the receiver's fee based on a fixed hourly rate for all services performed. The trial court conducted an evidentiary hearing at which expert testimony was presented. The gist of that testimony was that in a reasonably stable situation, property managers can be engaged for the collection of, and accounting for, rental payments at a fixed percentage of the rent collected. Likewise, in such a situation, the custom in the community is for construction work to be compensated on the basis of a percentage allowance for overhead and profit, over and above subcontractor bids. In a third category are special services, such as reporting to the court, attendance at judicial proceedings, consultation with counsel and others as needed, and any other services not encompassed in the first two categories. The special services must be compensated on some other, fair basis. The experts also testified that where a project is in severe disarray, or presents sufficiently special circumstances, property managers will only undertake to work on an hourly basis.
The record before us indicates that the project under management here was of the former, rather than the latter, variety. The completed units were occupied by an existing set of tenants who were already paying rent. The principal concern was to be sure that the tenants were advised to pay their rents to the receiver rather than the predecessor entities. The record indicates that the occupied units were generally in good repair. The construction portion of the work essentially involved repair of two unoccupied units which had been vandalized, performing certain maintenance and clean-up at some of the construction sites, and bringing construction to a stage where some of the unoccupied units could be properly secured. As those facts appear to be substantially undisputed, we conclude that the trial court abused its discretion in awarding compensation on a fixed hourly amount for those functions.
The trial court acted within a permissible discretion, however, in setting an hourly rate for compensation for special services apart from the property management and construction functions. There must therefore be a new hearing to adjust the amount of the fee amount accordingly. Likewise, to the extent that the accountant's fee is predicated on work which would ordinarily be included within a percentage property management fee, the accountant's fee must also be reduced. We do not find an abuse of discretion with respect to the attorney's fee.
Southeast also argues that the trial court erred in one of its procedural rulings during the evidentiary hearing. Southeast had filed a motion to dissolve the receivership and take possession of the property, which was agreed to by the parties and the receiver. The motion was orally granted during the evidentiary hearing. The court ordered that the receiver was relieved of further responsibility as of that moment, and that responsibility for the property was transferred to Southeast. The trial court then took evidence regarding the fee award. Late in the afternoon, Southeast's final witness was on the way to the courthouse but had not arrived when all of the *721 other testimony had been completed. The trial court gave Southeast the choice of proffering the witness' testimony, concluding the hearing at that time, and having Southeast remain in control of the property, or alternatively, restoring control of the property to the receiver and continuing the hearing until an unspecified future date.
The trial court may well have had the discretion to exclude the witness entirely. However, having indicated that the hearing could be continued, it was error to tie the continuance to a requirement that the receiver have control of the property. A receivership is an extraordinary remedy, and frequently an expensive one. The court should not continue the receiver in an assignment where his services are no longer needed. Here, it was undisputed that the receivership should end and the court had already so ordered. There was no concern about pinpointing responsibility for the property, since the court had already ordered, without objection, that Southeast, the principal creditor, would take charge. Of course, Southeast would be held accountable if there were any waste or mismanagement to the detriment of the other parties. The trial court perceived, correctly, that Southeast believed the receiver's fees were already excessive and that a proposal to extend the receivership as the price of a continuance would be unacceptable to Southeast. While the court's proposal did succeed in having Southeast abandon the request for a continuance, it was in these circumstances an abuse of discretion where there was no necessity to continue the receivership. The proceeding for the setting of a fee was a separate matter which did not require the receiver's assignment to be extended.
Finally, Southeast argues that when a receiver is appointed, he or she should be required, on reasonable request, to provide a resume and respond to reasonable requests for information about his or her qualifications and experience. We have no quarrel with either proposition, but find no indication in this record that the receiver was asked for such information, and if asked, that the request was refused. The record suggests that there were, in fact, meetings and other communications between Southeast and the receiver which would have afforded the opportunity for such inquiry.
We reverse the order under review and remand for further proceedings consistent herewith.

ON MOTION FOR REHEARING
PER CURIAM.
Southeast Bank has moved for rehearing, arguing that his court erred in awarding appellee Salvatore Ingrassia attorney's fees on appeal, even though Ingrassia was not the prevailing party. Southeast's position is not well taken. A receiver is an officer of the court, and is entitled to reasonable compensation, including a reasonable sum for attorney's fees. See Feemster v. Schurkman, 291 So.2d 622, 629 (Fla. 3d DCA 1974); see also § 59.46, Fla. Stat. (1989). The award is not made on a "prevailing party" basis, although the results obtained in the representation can be considered in determining the amount of the fee award. We therefore adhere to our previous ruling granting appellate attorney's fees to the receiver and remanding to the trial court for a determination of the amount. Southeast's second request on rehearing, that we order the trial court to rehear the application for trial level attorney's fees, is denied.