PER CURIAM.
Bay Point Office Tower, Inc. appeals an order denying its request for injunctive relief in a receivership proceeding.
Bay Point (“defendant”) is the owner of a multistory office building which has been placed in the hands of a receiver, who is now operating it. Defendant sought to enjoin payments of the receiver’s own fees, and fees to the management company of which the receiver formerly was president,[1] on the ground that such payments were inconsistent with the terms of the receivership order and were excessive. The trial court after a lengthy evidentiary hearing denied relief and defendant has appealed.
I.
The record supports the proposition that the receiver has acted consistently with the receivership order and that the fees paid were reasonable in light of the services rendered.
II.
We do, however, grant prospective relief. The trial court in this case appointed as receiver an individual who had been recommended by the defendant. The trial court ruled that the receiver would be paid a flat monthly fee for his services. The defendant stated a preference that the receiver be compensated on an hourly basis.
We agree with the testimony of the defendant’s experts in the proceedings below, Stanley Tate[2] and Lewis Freeman, that it is not customary to compensate a receiver with a flat monthly fee. Instead the receiver must document the hours he or she works and apply to the court for approval of a reasonable fee.
As stated by the Florida Supreme Court:
The chancellor should see to it that there is offered and that the record contains sufficient proof to show the nature and extent of the services rendered by the receiver, the responsibility assumed by him, the character and extent of the property committed to his care, the beneficial results of his management, the complexity of his task, the opinions of persons of experience as to the value of the services rendered by the receiver, and proof of any other material factors. And of course, interested parties should be afforded the opportunity to rebut the proof offered by the receiver.
Lewis v. Gramil Corp., 94 So.2d 174, 177 (Fla.1957).
We therefore direct that beginning the month following the issuance of this opinion, the flat fee shall terminate and the basis of compensation shall be hourly, in accordance with the principles outlined in the Lewis decision.[3]
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The receiver now operates his own independent business.

. Ironically, the defendant objected to Mr. Tate when the plaintiff suggested that Tate be the receiver. The defendant later retained Mr. Tate as its own expert.

.At the outset of the case, the receiver indicated a willingness to work for an hourly fee, . or for a flat monthly fee.