ON MOTION FOR REHEARING GRANTED
SHEPHERD, J.
Upon further review, we grant the Ap-pellee Guardian Ad Litem’s Motion for Rehearing, withdraw our opinion dated August 17, 2005, and substitute the following:
This appeal seeks review of a trial court order in a dissolution action, which gave priority to the payment of fees incurred by a guardian ad litem over those incurred by the former wife’s counsel that' had been secured by an earlier charging lien. We affirm.
THE FACTS
The relevant facts are as follows. The law firm of Franklin & Criscuolo represented the former wife, Cheryl Rogers. The former husband, Theodore (“Harvey”) Rogers, was represented by other counsel. During their nineteen-month marriage, the Rogers produced one child, John, who was one-year old at the time of the divorce. The only marital asset of significance in the proceeding was their residence. The heavily contested issues before the court were custody, visitation, and who was to be designated the primary residential parent.
The dissolution became increasingly acrimonious in this regard as it proceeded. The husband alleged that the wife had an alcohol abuse problem, which made her unfit as a parent; and the wife claimed the husband was abusive. In April 2001, on the husband’s motion, the trial court appointed Attorney Jeannie Etter to act as guardian ad litem to make recommendations relative to the contested parenting issues. § 61.401, Fla. Stat. (2001). The wife did not object to Etter’s appointment. Following the “better practice,” see Lewis v. Gramil Corp., 94 So.2d 174, 177 (Fla.1957)(applying this rule to receiver’s retention of counsel), the court held a hearing and approved the appointment. The order memorialized the husband’s agreement to advance the fees of the guardian, subject to their “taxation” as the court determined appropriate at the conclusion of the case.
During the course of the two-year litigation, Cheryl Rogers became delinquent in paying her counsel, but the law firm continued its representation in consideration of a charging lien, which was recorded with the wife’s consent in September 2002, and was to operate against her fifty-percent interest in the marital home upon an anticipated partition in conjunction with the dissolution. The home was sold and the net proceeds were placed in an interest-bearing account, subject to further court order regarding disbursement.
During this time, Guardian ad Litem Etter submitted reports and recommendations incident to her appointment. She found both parents to be flawed and while favoring the wife, recommended that neither parent be given primary residential parent status, in hopes of making each parent self-police his/her behavior in order not to lose the child to the other parent. In September 2003, following a nine-day trial focusing almost exclusively on the parenting issues, the trial court entered a Final Judgment of Dissolution of Marriage. The Final Judgment accepted the recommendations of the Guardian and deferred ruling on the primary residential *949 issue for one year to allow the wife an opportunity to participate in alcohol rehabilitation and other remedial programs. The Final Judgment also granted the former wife’s counsel’s request for attorney fees in the amount of $82,500, subject to certain credits. Shortly thereafter, a separate Final Judgment was entered, awarding the guardian ad litem the agreed sum of $52,743 in fees for approximately 200 hours of services provided to the court for the benefit of the minor child. Of that agreed fee, the court assessed eighty percent against the vafe, finding that the bulk of the guardian’s time was incurred sorting through misrepresentations of the wife with regard to her alcohol-related problems.
The only point of disagreement presented to us on this appeal is who should have priority for purposes of drawing upon the escrowed net proceeds due the wife arising out of the sale of the marital home, there being insufficient funds in the marital estate to completely satisfy the fees of both the wife’s law firm and the guardian. The wife’s law firm asserted below that it should receive priority because its charging lien was recorded prior in time to the guardian ad litem’s interest created through her final judgment. The trial court disagreed, reasoning that the wife’s obligation for guardian’s fees should “[come] off the top” with any remaining proceeds being applied to the charging lien until the proceeds were exhausted. We conclude that the decision of the trial court is correct.
The public policy of this state to protect the interests of children during dissolution proceedings is so firmly established in our jurisprudence as to require no citation of authority. Under Chapter 61 of the Florida Statutes, “if the court finds it is in the best interest of the child, the court may appoint a guardian ad litem to act as next friend of the child, investigator or evaluator, not as attorney or advocate.” § 61.401, Fla. Stat. When a guardian ad litem is -appointed, the guardian ad litem is regarded as the agent of the court. James v. James, 64 So.2d 534, 536 (Fla.1953)(ruling that a court of equity has “broad, comprehensive and plenary” jurisdiction over the person and property of infants, and where guardian ad litem is appointed, guardian is “regarded as the agent of the court and of the state” for the discharge of its duties); see also Simms v. State, Dept. of Health & Rehab. Serv., 641 So.2d 957, 961 (Fla. 3d DCA 1994)(“The inherent authority of the courts to protect children extends to the appointment of guardians ad litem for unrepresented children.”); Youngblood v. Taylor, 89 So.2d 503, 505-06 (Fla.1956)(eonstruing one who acts as a child’s “next friend” as “an officer of the court, especially appearing to look after the interests of the minor whom he represents”). A guardian ad litem therefore serves, not merely as a general creditor akin to a mortgagee or contractor, but, as appellee aptly notes, in a capacity more akin to a receiver for the purpose of assisting the court in the proper execution of its responsibilities. Southeast Bank, N.A. v. Ingrassia, 562 So.2d 718, 721 (Fla. 3d DCA 1990)(agreeing that “[a] receiver is an officer of the court, and is entitled to reasonable compensation, including a reasonable sum for attorneys fees”); Columbia Bank for Cooperatives v. Okeelanta Sugar Co-op., 52 So.2d 670, 673 (Fla.1951)(ruling that a receiver is “an arm of the court”).
We acknowledge that attorney charging liens attach to the proceeds of property distributions and generally have priority over judgment liens. See New England Mut. Life Ins. Co. v. Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., 690 So.2d 1354, 1356 (Fla. *950 3d DCA 1997). We also recognize that a guardian does not have any statutory lien rights. However, we conclude that where a guardian ad litem is properly appointed and an award of fees lawfully granted, a trial court has the inherent authority in a dissolution action to ensure that its court-appointed guardian ad litem is paid as a cost of litigation, even at the expense of an attorney charging lien. Metcalfe v. Metcalfe, 655 So.2d 1251 (Fla. 3d DCA 1995)(citing Senate Judiciary Civil Committee of Florida Staff Analysis on S.B. 110 [§§ 61.401-404, Fla. Stat. (1993) ], at 2 (February 22, 1990)(“The court could tax the temporary and permanent fees of and costs incurred by a guardian ad litem and his attorney against either or both parties. Costs and fees could not be taxed against the guardian ad litem or the guardian ad litem program.”)); see also Hoffman v. Morgan, 206 Okla. 567, 245 P.2d 67, 70 (1952)(“The right of the court to award a reasonable fee to the guardian ad litem is implied from the right and duty to appoint, and from the necessity of insuring the ward adequate legal protection, and the fee may be properly taxed as costs, for it is an expenditure of performing the judicial function.”); G. Van Ingen, Annotation, Allowance of fees for guardian ad litem appointed for infant defendant, as costs, 30 A.L.R.2d 1148 (1953). Cf. Moakley v. Smallwood, 826 So.2d 221, 224 (Fla.2002)(confnming the existence of “inherent authority” of a trial judge to sanction bad faith misconduct absent specific rule or statute where “necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice.”)(emphasis added).
Affirmed.