ORFINGER, J.
Reema Hospitality, Inc. and Hasmukh Patel appeal a non-final order appointing a receiver in a pending foreclosure action. We affirm the trial court’s decision to appoint a receiver without discussion, but reverse the order to the extent that it authorized a fixed hourly fee for all services performed by the receiver.
Florida law authorizes the trial court to award reasonable fees to a receiver for services and expenses. In obtaining a fee award, the receiver has the burden to establish a basis for the award of fees he or she seeks through affidavits, testimony, depositions or other competent evidence. Lewis v. Gramil Corp., 94 So.2d 174, 176 (Fla.1957). There is no fixed fee schedule. Rather, it is within the trial court’s discretion to set an appropriate receiver’s fee, based on the circumstances of the case. Id. Among factors to be considered in setting a receiver’s compensation are the nature and complexity of the services rendered, the character of the property involved, the amount of money coming into the receiver’s hands, the time and responsibility involved, and the beneficial results of the receiver’s management. Id. at 177.
While sufficient fees should be allowed to induce competent people to serve as receivers, receiverships should be administered as economically as reasonably possible. Thus, fees for services performed by a receiver must be just, but moderate, rather than generous. Id. To determine an appropriate fee, the court must conduct a hearing to determine the value of the receiver’s services and what compensation would be just. In order to properly evaluate the receiver’s compensation, the court must consider the scope and complexity of the receiver’s various activities, as different services may support different rates. The appropriate hourly rate should be based upon the reasonable rate for similar services, making a fixed hourly fee for all services inappropriate.
For these reasons, we affirm the trial court’s order appointing receiver, but reverse the order authorizing a fixed hourly fee for the receiver.
AFFIRMED in. part; REVERSED in part; and REMANDED.
BERGER and WALLIS, JJ., concur.