DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE CIRCLE PROPERTY OWNERS' ASSOCIATION, INC.,**
Appellant,

v.

**CIRCLE ONE CONDOMINIUM ASSOCIATION, INC.,** a Florida not-for-profit corporation, et al.,
Appellees.

No. 4D13-3817

[March 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Tuter, Judge; L.T. Case No. 09-33451 CACE.

Gerard S. Collins and Jeffrey D. Green of Kaye Bender Rembaum, P.L., Pompano Beach, for appellant.

Christian Rodriguez and Israel Reyes of The Reyes Law Firm, P.A., Coral Gables, for appellee Caridad A. Ortega.

PER CURIAM.

We affirm the judgment awarding attorney's fees to the receiver of the appellant's condominium community, with the exception of a duplication of fees for representation in settlement negotiations. In the settlement agreement, the parties agreed to a fee of $3,951 as attorney's fees for the services performed by appellee's attorneys. In the billings presented at the hearing on attorney's fees, there appears $5,250 for the same services. We remand for the court to reduce the judgment by $5,250. We reject the remaining arguments as either not preserved or raising issues within the sound judicial discretion of the trial court.

*Affirmed in part; remanded for further proceedings in accordance with this opinion.*

MAY and GERBER, JJ., concur.
WARNER, J, concurs in part and dissents in part.

WARNER, J., concurring in part and dissenting in part.

Appellant, a condominium master association, appeals an order awarding attorney's fees to its receiver. In addition to remanding to correct the apparent duplication of fees, I would reverse the order awarding fees to the receiver's attorney, because the trial court did not make any findings, nor did the expert testify, that the fees were incurred to benefit the estate. *Lewis v. Gramil Corp.*, 94 So. 2d 174, 176 (Fla. 1957) (in seeking compensation and fees, burden is on receiver to show benefits to receivership estate); *In re Fredcris, Inc.*, 108 So. 2d 901, 904 (Fla. 3d DCA 1959) (receiver is entitled to fees for benefiting the estate but not in defending its own actions). Instead, the expert opined that the fees were reasonable because the receiver required the services: "[I]f the receiver after that date was making requests on counsel, I believe it's reasonable for counsel to perform those tasks." In other words, the expert testified, and the court agreed, that because the receiver was requiring legal services from her attorneys, it was reasonable for the attorneys to perform them. That is not the test, however. The question is whether the legal service performed constituted a benefit to the estate. Based upon this record, much of the fees appear to be defending the receiver from various attacks, which would not benefit the estate. I would therefore reverse on this issue also and remand for the trial court to make a determination of which services benefited the estate.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***