WARNER, J.,
concurring in part and dissenting in part.
Appellant, a condominium master association, appeals an order awarding attorney’s fees to its receiver. In addition to remanding to correct the apparent duplication of fees, I would reverse the order awarding fees to the receiver’s attorney, because the trial court did not make any findings, nor did the expert testify, that the fees were incurred to benefit the estate. Lewis v. Gramil Corp., 94 So.2d 174, *424 176 (Fla.1957) (in seeking compensation and fees, burden is on receiver to show benefits to receivership estate); In re Fredcris, Inc., 108 So.2d 901, 904 (Fla. 3d DCA 1959) (receiver is entitled to fees for benefiting the estate but not in defending its own actions). Instead, the expert opined that the fees were reasonable because the receiver required the services: “[I]f the receiver after that date was making requests on counsel, I believe it’s reasonable for counsel to perform those tasks.” In other words, the expert testified, and the court agreed, that because the receiver was requiring legal services from her attorneys, it was reasonable for the attorneys to perform them. That is not the test, however. The question is whether the legal service performed constituted a benefit to the estate. Based upon this record, much of the fees appear to be defending the receiver from various attacks, which would not benefit the estate. I would therefore reverse on this issue also and remand for the trial court to make a determination of which services benefited the estate.