# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1598; 3D21-0334; 3D21-0936; 3D21-0570
Lower Tribunal No. 17-3113

_____

**Jennifer Alec Tolston,**
Appellant/Petitioner,

vs.

**Alex Tolston,**
Appellee/Respondent.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

A Case of Original Jurisdiction – Prohibition

A Case of Original Jurisdiction – Mandamus

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Jennifer Tolston, in proper person.

Crabtree & Auslander, and John G. Crabtree, and Charles M. Auslander, and Brian C. Tackenberg, for appellee/respondent.

Before LOGUE, LINDSEY, and HENDON, JJ.

PER CURIAM.

Jennifer Alec Tolston appeals the following eleven post-dissolution orders:[1] (1) order denying Ms. Tolston's motion for fees and costs; (2) order denying Ms. Tolston's motion for contempt for failure to pay alimony; (3) order striking Ms. Tolston's motion to vacate/modify the parties' marriage settlement agreement; (4) order awarding the guardian ad litem fees and costs; (5) order on the special master's motion for instruction regarding the sale of the former marital home; (6) order granting Ms. Tolston's former attorney's motion to hold proceeds of sale in escrow; (7) order for Ms. Tolston to vacate marital home; (8) amended order directing partial disbursements of the proceeds from the marital home; (9) order granting the special master's amended motion for fees; (10) order discharging the special master; and (11) order granting Ms. Tolston's former attorney a charging lien.[2]

Ms. Tolston further petitions this Court for writs of prohibition, mandamus, and certiorari in which she seeks review of an additional five

---

[1] The court has not yet entered a final order of dissolution.

[2] These are consolidated appeals. Orders 1-3 (Case No. 3D20-1598); orders 4-6 (Case No. 3D21-0334); orders 6-12 (Case No. 3D21-936).

2

orders: three orders denying her motion to disqualify the successor judge; a bar order precluding her from further pro se filings; and an order granting Mr. Tolston's motion for Ms. Tolston to submit to a psychological evaluation.[3]

First, we reject Ms. Tolston's contention that the guardian ("an agent of the court") could not be paid from Ms. Tolston's distribution from the sale of the marital home. See Franklin & Criscuolo/Lienor v. Etter, 924 So. 2d 947. 949-50 (Fla. 3d DCA 2006). And because there are no transcripts for our review, we also reject her challenge to her former attorney's charging lien. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Similarly, we deny her petition for certiorari challenging the psychological evaluation. Without transcripts, we cannot say that the court departed from the essential requirements of the law. See Delgado v. Miller, 264 So. 3d 1040, 1041 (Fla. 3d DCA 2018); see also Applegate, 377 So. 2d at 1152.

We dismiss the appeal of orders (2), (3), (5), (7), (8), and (10), which are non-appealable; affirm without further discussion the remaining appealable orders (6) and (9); and deny Ms. Tolston's two remaining petitions.

Affirmed; petitions denied.

---

[3] Case No. 3D21-0570.