# Third District Court of Appeal

## State of Florida

Opinion filed July 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1296
Lower Tribunal No. 19-17308
_____

## Alberto Yordano Corredor, et al.,

Appellants,

vs.

## George Nichols, et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

The Ferro Law Firm, P.A., and Simon Ferro, for appellants.

Coffey Burlington, P.L., Jeffrey B. Crockett and Paul J. Schwiep, for appellees, Special Master Antonio Argiz and Coffey Burlington, P.L.

Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

Albert Corredor Gomez and Alberto Yordano Corredor (the "Corredors") appeal a trial court's final order for fees and costs in favor of Coffey Burlington, P.L. ("Burlington"), counsel for the court appointed receiver, Antonio Argiz. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the trial court's rulings in all respects, except one. We reverse as to the trial court's entry of final judgment in favor of nonparty Burlington.

The underlying case involved a now defunct, for-profit vocational school, Censa International College LLC ("Censa") located in Miami Gardens. The property was owned by the Corredors, Yezid Arango and George Nichols. The Corredors filed a complaint against Arango and Nichols[1] for a permanent injunction preventing the sale of the property, unjust enrichment, breach of fiduciary duty and to quiet title. In response, Arango and Nichols filed a motion to appoint a receiver alleging the Corredors failed to pay the mortgage, allowed the property to go into foreclosure and were using tuition fees for their own self-interests. The trial court granted the motion and appointed Antonio Argiz as the receiver. After default final judgment was entered in favor of the Corredors, the services of the receiver were terminated by agreed order. The receiver filed a motion

---

[1] Included as parties in the underlying suit were Censa and North American International Enterprises, LLC, a special purpose entity of Censa.

2

for fees and costs incurred by himself, and the court approved professionals retained by him, Morrison Brown Argiz & Farra, LLC ("MBAF") and Burlington. The trial court conducted a two-day evidentiary hearing on the motion for fees and costs and granted the receiver's motion awarding the receiver and MBAF $65,363.11 in fees and costs and legal fees for Burlington's work in the amount of $30,215.07. The trial court however, entered final judgment directly in favor of nonparty Burlington for the total amount of the two awards for $95,578.18.

We affirm the entirety of the substantive rulings incorporated in the final judgment, however reverse because "[e]ntering a judgment against a nonparty is fundamental error." Norville v. Bellsouth Advert. & Publ'g Corp., 664 So. 2d 16, 16 (Fla. 3d DCA 1995). While a receiver is entitled to compensation which includes a reasonable sum for attorney's fees, Burlington is not a party to the underlying suit despite being the court appointed counsel for the receiver. See Se. Bank, N.A. v. Ingrassia, 562 So. 2d 718, 721 (Fla. 3d DCA 1990); In re Fredcris, Inc., 108 So. 2d 901, 904 (Fla. 3d DCA 1959). We therefore solely remand for entry of an amended final judgment in favor of the receiver, Antonio Argiz.

Affirmed in part; Reversed in part, Remanded with instructions.

3