379 So.2d 359 (1980)
Michael J. SATZ, Etc., Petitioner,
v.
Abe PERLMUTTER, Respondent.
No. 55178.
Supreme Court of Florida.
January 17, 1980.
Jim Smith, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., West Palm *360 Beach, and Patti Englander, Asst. States Atty., Fort Lauderdale, for petitioner.
David A. Hoines, Anthony N. Brimo, Jr., Fort Lauderdale, Walter G. Campbell, Jr., and Richard A. Barnett of Krupnick & Campbell, Fort Lauderdale, for respondent.
SUNDBERG, Judge.
This case is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, reported at 362 So.2d 160. Because the decision of the district court directly affects the rights and duties of a class of constitutional officers  state attorneys  we have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. See Spradley v. State, 293 So.2d 697 (Fla. 1974); Taylor v. Tampa Electric Co., 356 So.2d 260 (Fla. 1978).
The question presented is whether a competent adult patient, with no minor dependents, suffering from a terminal illness has the constitutional right to refuse or discontinue extraordinary medical treatment where all affected family members consent. For the reasons expressed and based on the authorities cited by the trial court and the district court of appeal below, we answer the question in the affirmative and thereby approve the decision of the district court of appeal. Because of the clarity of reasoning and articulation of the applicable principles of law contained therein, little could be added by our reformulation of the matters set forth in the opinion below. Accordingly, we adopt the opinion of the district court as our own with the caveat that the reach of this decision does not extend beyond the particular facts presented in the case before us.
Ordinarily, this would end the matter. However, because of certain policy positions urged upon this Court by the respective parties, we deem it appropriate to clarify our action today.
The state urges initially that Mr. Perlmutter enjoyed no constitutional right of privacy as recognized by the decision of the district court of appeal. More importantly, it is asserted that the question of "death with dignity" is a matter so complex that it should be left to the legislature, and the judiciary should abdicate to that process. We are told that the many variations of the problem and multiple issues subsumed under the general issue make it inadvisable at best for the Court to address the issue. On the other hand, counsel for the decedent and for the physician maintain that it is an issue which cries out for judicial resolution in a comprehensive manner so that physicians, public officials, hospitals and other citizens of the state may be guided in their future conduct.
As always seems to be the case, there is some merit in each assertion, but for that very reason we can fully embrace neither. Because the issue with all its ramifications is fraught with complexity and encompasses the interests of the law, both civil and criminal, medical ethics and social morality, it is not one which is well-suited for resolution in an adversary judicial proceeding. It is the type issue which is more suitably addressed in the legislative forum, where fact finding can be less confined and the viewpoints of all interested institutions and disciplines can be presented and synthesized. In this manner only can the subject be dealt with comprehensively and the interests of all institutions and individuals be properly accommodated.
Nevertheless, preference for legislative treatment cannot shackle the courts when legally protected interests are at stake. As people seek to vindicate their constitutional rights, the courts have no alternative but to respond. Legislative inaction cannot serve to close the doors of the courtrooms of this state to its citizens who assert cognizable constitutional rights. As was observed by former Justice B.K. Roberts in an opinion of this Court concerning implementation of article I, section 6 of the Florida Constitution (guaranteeing public employees the right to collective bargaining) in the face of legislative inaction:
We think it is appropriate to observe here that one of the exceptions to the separation-of-powers doctrine is in the *361 area of constitutionally guaranteed or protected rights. The judiciary is in a lofty sense the guardian of the law of the land and the Constitution is the highest law. A constitution would be a meaningless instrument without some responsible agency of government having authority to enforce it.... When the people have spoken through their organic law concerning their basic rights, it is primarily the duty of the legislative body to provide the ways and means of enforcing such rights; however, in the absence of appropriate legislative action, it is the responsibility of the courts to do so.
Dade County Classroom Teachers Ass'n v. Legislature, 269 So.2d 684, 686 (Fla. 1972).
Consequently, although we recognize the limitations on the ability of the courts to address comprehensively the issue before us, at the same time, absent a response by the legislature, we will be obliged to proceed on a case by case method to meet an inscrutable problem fostered by advances in medical science.
The petition for writ of certiorari is granted, and the decision of the District Court of Appeal, Fourth District, is approved.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.