648 So.2d 769 (1994)
M.N. and V.N., Parents of B.N., an infant, Appellants,
v.
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC., d/b/a Wolfson Children's Hospital; the State Attorney, Fourth Judicial Circuit; and Department of Health and Rehabilitative Services, Appellees.
No. 94-1637.
District Court of Appeal of Florida, First District.
December 5, 1994.
*770 Reese A. Waters, Jr., Jacksonville, for appellants.
Timothy W. Volpe and Mary E. McManus of Smith, Hulsey & Busey, Jacksonville, for appellee Southern Baptist Hosp. of Florida, Inc.
Lance M. Day, Asst. State Atty., Jacksonville, for appellee State Atty., Fourth Judicial Circuit.
Michele Guest of the Dept. of Health and Rehabilitative Services for appellee Dept. of Health and Rehabilitative Services.
ALLEN, Judge.
The appellants challenge an order by which medical treatment was authorized for their eight-month old child B.N., without their consent. Because it is unclear whether the court fully weighed all of the competing interests involved, we remand this case for further consideration.
B.N. was admitted by the appellants as a patient at Children's Hospital, where she was diagnosed with acute monocytic leukemia, severe anemia, and a low platelet count. Chemotherapy was recommended as the most appropriate treatment for B.N.'s life-threatening condition, but this would necessitate blood transfusions. The appellants refused to consent to this procedure because of their religious beliefs.
Children's Hospital filed an emergency petition requesting an order as to whether chemotherapy and blood transfusions might be administered to B.N. without the appellants' consent. In addition to their religious objections, the appellants expressed concern that the proposed treatment would cause B.N. undue suffering. After an evidentiary hearing the court entered the appealed order authorizing the medical treatment.
Ordinarily, decisions regarding the care and upbringing of minor children will be left to the parents. This parent-child relationship is a fundamental liberty interest which is constitutionally protected. Padgett v. Department of Health and Rehabilitative Services, 577 So.2d 565 (Fla. 1991); In Re R.W., 495 So.2d 133 (Fla. 1986); see In Re Dubreuil, 629 So.2d 819, 827 n. 11 (Fla. 1993). But the parents' rights are not absolute, as the state has parens patriae authority to ensure that children receive reasonable medical treatment which is necessary for the preservation of life. J.V. v. State, 516 So.2d 1133 (Fla. 1st DCA 1987). And as between parent and child, the ultimate welfare of the child is the controlling factor. State v. Reeves, 97 So.2d 18 (Fla. 1957). Indeed, the policy of advancing the best interests of the child is well rooted in this state and guides the courts in many diverse contexts. See, e.g., Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla. *771 1993); Padgett; Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
The state may override the fundamental liberty interest in the parent-child relationship only when there is a sufficiently compelling state interest. In Re Guardianship of Browning, 568 So.2d 4 (Fla. 1990); Dubreuil. Furthermore, the state's action must be narrowly tailored so as to produce the least intrusive interference with individual rights, although the preservation of life has been described as the most significant state interest. Browning. As with the parent-child relationship, the state's parens patriae authority is thus not entirely unfettered. Rather, the state's interest diminishes as the severity of an affliction and the likelihood of death increase:
[T]here is a substantial distinction in the State's insistence that human life be saved where the affliction is curable, as opposed to the State interest where ... the issue is not whether, but when, for how long and at what cost to the individual... life may be briefly extended.
Satz v. Perlmutter, 362 So.2d 160 (Fla. 4th DCA 1978), approved, 379 So.2d 359 (Fla. 1980) (quoting Superintendent of Belchertown v. Saikewicz, 373 Mass. 728, 370 N.E.2d 417 (1977)); see also Browning; John F. Kennedy Hospital v. Bludworth, 452 So.2d 921 (Fla. 1984); In Re Guardianship of Barry, 445 So.2d 365 (Fla. 2d DCA 1984).
The constitutional right of privacy may afford an individual suffering from a terminal illness the right to refuse medical treatment. Satz v. Perlmutter, 379 So.2d 359 (Fla. 1980); see also Public Health Trust v. Wons, 541 So.2d 96 (Fla. 1989). This right has been extended to incompetent persons and to infants. John F. Kennedy Hosp.; Barry. As Barry indicates, courts sometimes rely on the doctrine of substituted judgment in effectuating the privacy right of incompetent patients. Under this doctrine the court attempts to ascertain the choice which would have been made by the patient, if competent. However, Barry recognizes the inherent difficulty in applying this concept to young children.
There is no brightline rule or presumption that applies to the dispute here at issue. An illustrative listing of cases addressing this problem can be found in Newmark v. Williams, 588 A.2d 1108 (Del. 1991). But the courts must carefully consider the facts and circumstances of each individual case as it arises, in weighing the various competing interests. Medical treatment may thus be rejected when the evidence is not sufficiently compelling to establish the primacy of the state's interest, or that the child's own welfare would be best served by such treatment. See Barry; Newmark. On the other hand, the parents' wishes may be overcome when there is sufficient medical evidence to invoke the state's parens patriae authority, and to establish that the child's welfare will be best served by the disputed treatment. See, e.g., In Re Cabrera, 381 Pa.Super. 100, 552 A.2d 1114 (1989); In Re Wilmann, 24 Ohio App.3d 191, 493 N.E.2d 1380 (1986); In Re Hamilton, 657 S.W.2d 425 (Tenn. App. 1983); Custody of a Minor, 375 Mass. 733, 379 N.E.2d 1053 (1978).
In the present case it is not entirely clear whether the court fully considered all of the competing interests involved.[*] Given the nature of this dispute, we conclude that the matter should be remanded so as to ensure a balanced weighing of the various interests. This necessitates consideration of the appellants' interest in making fundamental decisions regarding the care of their minor child, the state's interest in preserving human life, and the child's own welfare and best interests, in light of the severity of the child's illness, the likelihood as to whether the proposed treatment will be effective, the child's chances of survival with and without such treatment, and the invasiveness and nature of the treatment with regard to its effect on the child.
*772 Jurisdiction is hereby relinquished and the case is remanded.
WEBSTER and DAVIS, JJ., concur.
BY ORDER OF THE COURT:
In accordance with the attached opinion, jurisdiction is relinquished to the lower court for a period of sixty (60) days from the date of this order. In light of the situation presented by this case, and because the passage of time may have affected the factual circumstances, the lower court may receive additional evidence if it so desires. But the court shall enter an amended order within the sixty (60) day period during which jurisdiction is relinquished. Upon entry of the amended order the clerk of the lower court is directed to forward a certified copy thereof to this court and to counsel of record for each of the parties. Thereafter, the parties may request leave to file additional briefs in this court if they so desire.
I HEREBY CERTIFY that the foregoing is (a true and correct copy of) the original court order.
NOTES
[*] In addition to Children's Hospital and the appellants, the State Attorney's Office and the Department of Health and Rehabilitative Services appeared at the emergency hearing. However, none of the parties fully advised the court as to all of the competing interests involved in this dispute. The appellants now ask this court to elucidate the pertinent considerations.