WEBSTER, Judge.
Appellant seeks review of an adverse summary final judgment holding that she is not entitled to pursue her wrongful death action against appellee because, at the time of his death, the decedent was an employee of ap-pellee. Therefore, according to the trial court, as a matter of law, appellee was entitled to workers’ compensation immunity. We conclude that genuine issues of material fact exist as to whether the decedent was an employee of appellee at the time of his death. Accordingly, we reverse.
Appellee argues that the trial court’s decision was correct either because it was a “statutory employer,” as that term is defined in section 440.10(l)(b), Florida Statutes (Supp.1994); or because it was a “special employer” of the decedent. Appellee cannot rely on the “statutory employer” argument because there is no evidence in the record that it incurred a contractual relationship to a third party and then delegated or sublet a part of its contractual obligation to a subcontractor. Proctor & Gamble Cellulose Co. v. Mann, 667 So.2d 338 (Fla. 1st DCA 1995). Whether a “special employment” relationship exists is based upon application of a three-part test:
(1) whether there is a contract of hire, express or implied, between an employee and the special employer; (2) whether the work being done at the time of the injury is essentially that of the special employer; and (3) whether the special employer has the right to control the details of the work.
Austin v. Duval County School Board, 657 So.2d 945, 949 (Fla. 1st DCA 1995). Our review of the record satisfies us that material issues of fact exist as to whether any part of the test was met.
To be entitled to summary judgment, appellee was obliged to demonstrate conclusively that no genuine issue of material fact existed, even after all reasonable inferences had been drawn in favor of appellant; and that, based upon the undisputed facts, it was entitled to a judgment as a matter of law. E.g., Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). Until appellee had met that initial burden, appellant was not obliged to present anything to contradict appellee’s assertions. E.g., Suwannee River Water Management Dist. v. Price, 651 So.2d 749 (Fla. 1st DCA 1995). Because appellee failed to carry its initial burden, it was not entitled to summary judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
BARFIELD, C.J., and KAHN, J., concur.