737 So.2d 1174 (1999)
Terry CASSADY, Appellant,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Appellee.
No. 98-1894.
District Court of Appeal of Florida, First District.
July 7, 1999.
*1175 Pro Se, for Appellant.
Robert A. Butterworth, Attorney General, and Anthony W. Garcia, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Terry Cassady, who is a state prison inmate, appeals a final summary judgment and declaration in which the trial court determined that section 944.09(1)(n), Florida Statutes (Supp.1996), is valid and constitutional. Finding that the lower tribunal committed no error based on the issues and evidence before it, we affirm. Hillsborough County Bd. of County Commissioners v. Public Employees Relations Commission, 424 So.2d 132 (Fla. 1st DCA 1982).
In January 1991, Cassady pled guilty to four counts of attempted sexual battery by a person over 18 years of age upon a person less than 12 years of age and was sentenced to 22 years' incarceration followed by 15 years' probation. In those *1176 proceedings, he was adjudicated guilty of violating provisions of Chapters 794 and 777, Florida Statutes, which deal, respectively, with sexual battery and attempted crimes.
The 1995 version of the challenged statute stated, in pertinent part:
944.09 Rules of the department; offenders, probationers, and parolees.
(1) The department shall adopt rules governing the administration of the correctional system and the operation of the department, which rules shall relate to:

* * *

(n) Visiting hours and privileges.
Section 944.09(1)(n), Fla. Stat. (1995). In its amended form pursuant to Laws 1996, c. 96-312, section 5, effective July 1, 1996, subsection (1)(n) stated:
(n) Visiting hours and privileges. The rules shall provide that any inmate with a current or prior conviction for any offense contained in chapter 794, chapter 800, chapter 827, or chapter 847 for committing or attempting to commit aggravated child abuse or committing or attempting to commit a sex act on, in the presence of, or against a child under the age of 16 years, shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent. The authorization for special visitation shall be based on extenuating circumstances that serve the interest of the children. If visiting is restricted by court order, permission for special visitation may be granted only by the judge issuing the order.
Section 944.09(1)(n), Fla. Stat. (Supp.1996). Cassady's 1991 convictions for attempted sexual battery bring him within the scope of amended subsection (1)(n), and after the passage of the amendment, prison officials would not allow Cassady to have visitation with his children.
In his complaint filed in the circuit court in January 1997, Cassady challenged the constitutionality of section 944.09(1)(n), Florida Statutes (Supp.1996). Specifically, the complaint alleged that the restriction of visitation privileges for certain inmates with a current or prior conviction for any offense contained in chapter 794, Florida Statues, inter alia, "is a deprivation of a privilege without due process and a prohibited law." Cassady sought a declaration that the 1996 amendment of the statute is an unconstitutional infringement upon his due-process rights,[1] a bill of attainder, and an ex post facto law. The complaint was served on the Secretary of the Florida Department of Corrections (in his official capacity),[2] who filed a motion to dismiss or, alternatively, a motion for summary judgment, with exhibits, asserting that Cassady was not entitled to relief.[3]
In its final summary judgment and declaration, the trial court found that subsection (1)(n), as amended in 1996, applies to Cassady. Furthermore, the court determined that Cassady "is now in doubt as to whether he has a constitutional right to visitation with his children and as to whether the statute violates that right." On that basis, the court concluded that declaratory relief was warranted. Section 86.011 & .021, Fla. Stat. (1997); Martinez v. Scanlan, 582 So.2d 1167, 1171 (Fla.1991) (setting forth the requirements for declaratory relief and stating that the declaratory *1177 relief statute should be broadly construed).
While recognizing that a "parent-child relationship is a fundamental liberty interest which is constitutionally protected," M.N. v. Southern Baptist Hospital of Florida, Inc., 648 So.2d 769, 770 (Fla. 1st DCA 1994), the trial court correctly found "there is no absolute constitutional right to visitation." To support that proposition, the court cited Caraballo-Sandoval v. Honsted, 35 F.3d 521 (11th Cir.1994), and Evans v. Johnson, 808 F.2d 1427 (11th Cir.1987). In Evans, the Eleventh Circuit Court of Appeals concluded that "[a] convicted prisoner has no absolute constitutional right to visitation, such privilege being subject to the discretion of prison authorities, provided the visitation policies of the prison meet legitimate penological objectives." 808 F.2d at 1428. In Caraballo-Sandoval, the Eleventh Circuit Court determined that prison officials had a legitimate penological objective for denying inmate Caraballo-Sandoval visitation privileges with his wife, for she was a former prison employee and officials were concerned that she posed a security threat because of her knowledge of internal security procedures. 35 F.3d at 525. "The state may override the fundamental liberty interest in the parent-child relationship only when there is a sufficiently compelling state interest" that is "narrowly tailored so as to produce the least intrusive interference with individual rights." Southern Baptist Hospital, 648 So.2d at 771; In re Guardianship of Browning, 568 So.2d 4 (Fla.1990). "[A]s between parent and child, the ultimate welfare of the child is the controlling factor." Southern Baptist Hospital, 648 So.2d at 770.
Applying these controlling principles to amended statutory subsection (1)(n), the trial court found the provision constitutional because it "serves the important state interests of protecting minor children from convicted sex offenders and helping to ensure the proper rehabilitation of sex offenders." As to the scope of the statute, the court found that it is "narrowly tailored because the statute does not deny visitation completely but instead leaves the determination within the discretion of the superintendent, who must assess the interests of the children involved."[4] The court correctly found no absolute right of an inmate to visitation with his or her children, and no unconstitutional violation of Cassady's liberty interest.
Article I, section 9, clause 3, of the United States Constitution states: "No Bill of Attainder or ex post facto law shall be passed."[5] The challenge to the amended statutory provision as an improper ex post facto law was properly rejected because the statute neither increases Cassady's punishment nor denies him a vested right. Hock v. Singletary, 41 F.3d 1470 (11th Cir.1995) (for a criminal or penal law to be ex post facto, it must be retroactively applied and must disadvantage the offender because it may impose a greater punishment); United States v. Botero, 604 F.Supp. 1028 (S.D.Fla.1985) (if statutory provisions are merely procedural or regulatory rather than punitive, there is no ex post facto violation even if the operation of the challenged statute disadvantages the individual), aff'd, 853 F.2d 928 (11th Cir. 1988); Gwong v. Singletary, 683 So.2d 109 (Fla.1996), cert. den., 519 U.S. 1142, 117 S.Ct. 1018, 136 L.Ed.2d 894 (1997); Dugger v. Williams, 593 So.2d 180 (Fla.1991) (retrospective application of statute making *1178 defendants convicted of capital felonies ineligible for mandatory recommendation for executive clemency by D.O.C. diminished defendant's substantial substantive advantage that he would have enjoyed under old law and, thus, violated Florida Constitution's ex post facto provision); Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995), rev. den., 669 So.2d 252 (Fla.1996).
Cassady's claim that the provision constitutes a bill of attainder was properly rejected as well. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." United States v. Bennett, 928 F.2d 1548, 1558 (11th Cir.1991) (provision of sentencing guidelines permitting trial court to consider conduct other than that for which defendant was convicted was not unconstitutional bill of attainder); United States v. Brown, 381 U.S. 437, 448, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965). In contrast, Cassady's conviction resulted from a judicial proceeding. The trial court correctly found that the provision restricting Cassady's visitation with his children as a result of his conviction "does not legislatively determine [Cassady's] guilt or affect his sentence."
The appellee correctly notes that Cassady failed to preserve the argument made on appeal that the trial court erred in ruling without permitting discovery. In fact, no discovery was requested. Given the instant facts, Cassady misplaces his reliance upon Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993), in which the party claiming error requested an opportunity to conduct meaningful discovery, which request was pending when summary judgment was granted in favor of the other side. The appellee demonstrated conclusively that no genuine issue of material fact existed and that, on the undisputed facts, he was entitled to judgment as a matter of law. Linton v. Gulf County, 713 So.2d 1059 (Fla. 1st DCA 1998); Suwannee River Water Management District v. Price, 651 So.2d 749 (Fla. 1st DCA 1995). At that point, the burden shifted to Cassady, as the non-movant, to "come forward with counter-evidence sufficient to reveal a genuine issue." Harvey Building, Inc. v. Haley, 175 So.2d 780, 783 (Fla.1965). Cassady has not met that burden. Absent the need for additional fact-gathering, the pure questions of law presented to the trial court required no discovery. The appellee also notes correctly that the question of whether Cassady has a vested interest in visiting his children was not presented below and, therefore, is not preserved for appeal.
The rulings of the trial court are presumed to be correct, and Cassady is not entitled to a second trial at the appellate level. As Cassady has not met his burden to demonstrate clear error by the trial court and prejudice resulting to him as a result, we affirm the final summary judgment and declaration.
AFFIRMED.
ERVIN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Cassady's complaint cited Article I, section 9, the "due process" provision of the Florida Constitution, which states that "[n]o person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against himself."
[2] Harry K. Singletary, the former Secretary of the Florida Department of Corrections, was succeeded in office by Michael W. Moore after this appeal was filed.
[3] Attached to the appellee's motion is Exhibit 2, a Florida Department of Corrections inmate request form indicating that Cassady was denied visitation prior to the 1996 statutory amendments.
[4] A parallel rule grants the institution's superintendent discretionary authority to determine visitation status. Rule 33-5.007(1) & (5), Fla. Admin. Code.
[5] Article I, section 10 of the Florida Constitution sets forth a parallel provision stating that "[n]o bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed." Cassady challenged the amended statute under both the United States and Florida Constitutions.