# NATIONAL BROADCASTING CO., INC., ET AL. *v.* NIEMI, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM

No. A-652.   Decided February 10, 1978

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants have requested that I stay the commencement of a civil trial in the Superior Court of the City and County of San Francisco in which they are defendants in order that they may have an opportunity to apply for and obtain a writ of certiorari from this Court to review the judgment of the Court of Appeal of the State of California filed October 26, 1977. That court reversed the judgment of dismissal rendered by the Superior Court in a case wherein respondent sought damages from petitioners for injuries allegedly inflicted upon her by persons who were acting under the stimulus of observing a scene of brutality which had been broadcast in a television drama entitled "Born Innocent." Applicants contend that the First and Fourteenth Amendments to the United States Constitution prevent their being subjected to liability and damages in an action such as this, and intend to petition this Court for certiorari to review the judgment of the Court of Appeal remanding the case for trial.

I find it unnecessary to determine whether four Justices of this Court would vote to grant a petition for certiorari by these

applicants to review a California judgment sustaining a judgment for damages against them on the basis described above in the face of their claim that the First and Fourteenth Amendments prohibit the rendering of such a judgment. The only question before me is whether those same constitutional provisions would be thought by at least four Justices of this Court to call for the granting of a writ of certiorari to review the interlocutory judgment of the state Court of Appeal which did no more than remand the case for a trial on the issues joined. I am quite prepared to assume that the Court would find the decision of the Court of Appeal sought to be stayed a "final judgment" for purposes of 28 U. S. C. § 1257 (2) pursuant to its holding in *Cox Broadcasting Corp.* v. *Cohn*, 420 U. S. 469 (1975). But the mere fact that the Court would have jurisdiction to grant a stay does not dispose of all the prudential considerations which, to my mind, militate against the grant of the application in this case. Every year we grant petitions for certiorari or note probable jurisdiction in cases in which we ultimately conclude that a state or federal court has failed to give sufficient recognition to a federal constitutional claim, and have as a consequence reversed the judgment of such court rendered upon the merits of the action. But this is a far cry from saying that this Court would have stayed further proceedings in the same cases at an interlocutory stage comparable to the case now before me.

True, in the case of double jeopardy, we have held that the subjecting of the defendant to the second trial itself is a violation of the constitutional right secured by the Sixth Amendment, *Abney* v. *United States*, 431 U. S. 651, 660–661 (1977), even though any judgment of conviction rendered in that trial would be subject to ultimate reversal on appeal. The same doctrine is found in cases more closely resembling this such as *Miami Herald Publishing Co.* v. *Tornillo*, 418 U. S. 241 (1974), and *Cox, supra.* But in both *Tornillo* and in *Cox* the First and Fourteenth Amendment claims were far more precisely

drawn as a result of the decisions of the state courts than is the case here. A reading of the opinion of the Court of Appeal indicates that it might have been based on a state procedural ground, by reason of the fact that the trial judge, himself, after denial of a motion for summary judgment but before the empanelment of a jury, viewed the entire film and rendered judgment for applicants because he found that it did not "advocate or encourage violent and depraved acts and thus, did not constitute an 'incitement.'" The Court of Appeal held that this was a violation of respondent's right to trial by jury guaranteed her by the California Constitution, and went on to state that:

> "[I]t is appropriate to acknowledge that, if the cause had proceeded properly to trial before a jury and a verdict awarding damages to appellant had been the result, it would have been the responsibility of the trial court, or perhaps of this court on appeal, to determine upon a reevaluation of the evidence whether the jury's fact determination could be sustained against a First Amendment challenge to the jury's determination of a 'constitutional fact.' (*Rosenbloom* v. *Metromedia, supra,* 403 U. S. 29, 54 . . . .)" *Olivia N.* v. *National Broadcasting Co., Inc.,* 74 Cal. App. 3d 383, 389, 141 Cal. Rptr. 511, 514 (1977).

The contours of California tort law are regulated by the California courts and the California Legislature, subject only to the limitations imposed on those bodies by the United States Constitution and laws and treaties enacted pursuant thereto. In the principal case relied upon by applicants in support of their stay, *United States* v. *Shipp,* 203 U. S. 563 (1906), "a sheriff allowed appellant to be lynched pending appeal to this Court of his conviction." A requirement to defend an action such as applicants are now required to defend in the Superior Court, and if unsuccessful there to post a supersedeas bond and prosecute their constitutional claims through the

normal appellate process to this Court, is scarcely a comparable example of irreparable injury. Since I find that applicants' claims of irreparable injury resulting from the judgment of the Court of Appeal in this case are not sufficient to warrant my granting their application, I accordingly deny the stay.

*So ordered.*