PER CURIAM.
By petition for a writ of prohibition, we are required to determine the propriety of an order denying a motion to disqualify a circuit judge. For the reasons which follow we award the writ.
In 1986, the respondent judge guaranteed a promissory note with Southeast Bank as the promisee. When the maker defaulted, the respondent paid one installment under his guarantee. No further payments have been made nor has any action been taken against either the maker or the respondent by Southeast Bank.
In the underlying case, Southeast Bank filed separate actions against the makers and guarantors of promissory notes which were consolidated before the respondent. In both actions, the note and guarantee are identical in form and content to the one in which the respondent became the guarantor. In one of the actions the maker of the note is in default which places that action in the identical posture to that which respondent might find himself should Southeast file an action. In a petition with accompanying affidavits, pursuant to section 38.10, Florida Statutes (1989), Southeast sought the circuit judge’s disqualification. The motion was denied.
Our inquiry is to ascertain whether the motion sets forth sufficient facts to create in the movant a reasonably well-grounded fear as to whether it could receive a fair trial before the respondent. MacKenzie v. Super Kids Bargain Stores, Inc., 565 So.2d 1332, 1334-35 (Fla.1990). A pure question of law is presented. The focus of our inquiry is directed to Florida Bar Code of Judicial Conduct, Canon 3C(1). The canon in pertinent part provides:
A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
[[Image here]]
(c) he knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding^]
*103 A litigant has the right to expect that a judge will dutifully abide by the applicable canons of ethics. The respondent judge was in an identical position as against Southeast Bank as the guarantor in the pending action. This relationship caused a reasonable fear in the movant that it could not receive a fair trial at the hands of the judge. See Livingston v. State, 441 So.2d 1083 (Fla.1983). In such a case, it is not a question of how the judge feels but instead what feeling resides in the affiant’s mind and the basis for such feeling. State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938); see Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
Thus, in the present case, because the moving papers were procedurally adequate and the fears expressed therein demonstrated a reasonably objective fear of prejudice, the motion for disqualification was sufficient as a matter of law. MacKenzie v. Super Kids Bargain Stores, Inc., supra.
Accordingly, we grant prohibition but withhold issuance of the writ on the assumption that it will not be necessary.