CRAWLEY, Judge.
In February 1997, Honorio Montanez petitioned for a temporary restraining order against Charles E. Jones, the warden of Holman Prison, and Correctional Medical Services, Inc. (“CMS”). Montanez asked the trial court to restrain Jones and CMS from *448 force-feeding him after he had instituted a hunger strike to protest his imprisonment. The trial court dismissed the petition on the grounds that it was moot because Montanez had voluntarily ceased the hunger strike. Montanez filed a post-judgment motion, which the trial court denied.
Montanez first argues that his petition for a T.R.O. is not moot. “A case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights.” State ex rel. Eagerton v. Corwin, 359 So.2d 767, 769 (Ala.1977). It is undisputed that Montanez voluntarily ceased his hunger strike and that Jones and CMS are not force-feeding Montanez; therefore, the petition to enjoin Jones and CMS from force-feeding Montanez is moot because “there is no real controversy ... [resting] on existing facts or rights.” Id
Montanez argues that this ease is not moot because, he says, his attempt to engage in a hunger strike is “ ‘capable of repetition, yet evading review.’” Roe v. Wade, 410 U.S. 113, 125, 98 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973) (citations omitted). We disagree. Roe v. Wade involved the constitutional right of a woman to terminate her pregnancy. The Supreme Court noted that the “human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete.” Id. A pregnancy comes to term because of physical factors beyond the control of the mother. A hunger strike is voluntary, and the length of the hunger strike depends upon the perseverance of the actor, rather than physical factors as those at work in a pregnancy. We conclude that Montanez’s hunger strike does not present an exception to the mootness doctrine.
Montanez next argues that he was denied procedural due process because the trial court did not hold a hearing on his petition. He contends that the denial violates Ala. Const.1901, Art. I, § 13, which states:
“ That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.”
(Emphasis added.) As stated above, Monta-nez’s petition is moot because no controversy exists now that he has voluntarily ended his hunger strike; therefore, Montanez has alleged no injury done to him and the trial court did not violate § 13 by not holding a hearing.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.