COBB, J.
The sole issue on this appeal is whether the trial court erred in ordering the mother, F.M., to undergo a psychological evaluation when there was no advance notice that the Department of Children and Families was going to make such a request.
On April 7, 1999, the Department filed a petition for dependency involving F.M.’s three minor children. Mediation took place on April 16,1999 and a case plan was agreed to. The section of the case plan which referred to a psychological evaluation was specifically marked out. On May 20, 1999, F.M. filed a motion to return her children to her custody under the Department’s supervision. A hearing was held on F.M.’s motion and a status report was filed by the Department. Subsequent to the hearing, the court indicated that the Department had thirty days to make sure a home study and a psychological on one of the minor children was completed.
Later, at a status hearing, the Department presented a report entitled “Judicial Review.” This report listed additional concerns of the Department. Of importance was that F.M. didn’t “appear to have accepted responsibility for her past actions or gained any insight into the many verified incidents of physical abuse she perpetrated on the child.” It was conceded by the Department, however, that F.M. had made “significant” progress toward her case plan. Additionally, the Department stated:
In addition, due to the mother’s lack of insight and continued blame of the child despite her completion of various programs, the Department also requests a psychological evaluation be conducted on the mother....
In requesting the psychological evaluation on F.M. the Department indicated, that they had new information that F.M. had been abused by her father. The Department’s expressed reason for the exam was:
to try and assess what services can be provided to help her, to try and break the cycle and understand and accept her responsibility as opposed to completing the classes she did, which doesn’t appear to have made any difference....
F.M. contends that after substantially completing the negotiated case plan, which she believed would lead to the return of her children, the Department requested a psychological evaluation just prior to the status hearing which gave her insufficient notice.
The true controversy here seems to be whether Rule 8.675(b), Florida Rules of Juvenile Procedure or Rule 8.250(b), Florida Rules of Juvenile Procedure (formerly 8.750) controls since Rule 8.250(b) allows for the person whose examination is sought to request a hearing seeking to quash the request for a mental examination while Rule 8.675(b) contains no such language. We note that Rule 8.250(b) specifically relates to dependency and termination of parental rights proceedings while Rule 8.675(b) is part of a section relating to proceedings for families and children in need of services.
*1264 Accordingly, we find that the court erred in not following Rule 8.250(b), Florida Rule of Juvenile Procedure. F.M. was denied fair notice of the Department’s request since she was not prepared to present evidence at the status hearing in an attempt to quash the Department’s request as contemplated by the applicable rule. The order of the lower court requiring F.M. to submit to a psychological evaluation is hereby reversed and the cause remanded for an evidentiary hearing if such evaluation is still requested by the Department.
REVERSED AND REMANDED.
DAUKSCH and W. SHARP, JJ., concur.