PER CURIAM.
 

 Aberdeen Property Owners Association, Inc., the defendant below, filed a petition for writ of prohibition seeking to prohibit Palm Beach County Circuit Court Judge David French from continuing to preside over a lawsuit filed against it by Bristol Lakes Homeowners Association, Inc. We grant the petition.
 

 Plaintiff is a sub-association within the defendant’s master association, which was created by the Declaration of Covenants and Restrictions for Parkwalk Planned Unit Development and Parkwalk Planned Commercial Development (the Declaration). The complaint challenged the validity of several amendments to the Declaration, which imposed a requirement that, effective October 30, 2004, all new owners taking title to property in subdivisions of Defendant lying west of Jog Road, including Bristol Lakes, become members of the Aberdeen Country Club.
 

 After the trial court granted the plaintiffs motion for summary judgment and
 
 *471
 
 denied the defendant’s motion for summary judgment, the defendant moved for reconsideration and rehearing. While that motion was pending, the defendant moved to disqualify Judge French. The motion for disqualification was based on the defendant’s becoming aware, on October 3, 2008, of a potential conflict of interest, bias, or prejudice on Judge French’s part, based on Judge French’s involvement with a similar dispute with his own homeowners association in connection with the Hamlet Country Club. The defendant argued that the judge should have disclosed his personal dispute and critical opinions on the matter and disqualified himself. The defendant contended that Judge French had a personal bias and prejudice against homeowners associations with respect to mandatory club memberships, because of his own involvement in a factually similar dispute, and that he had prejudged this matter based on his prejudices and biases.
 

 In support of disqualification, the defendant’s representative, the president of its board of directors, attached two letters written by Judge French to his affidavit. In the first letter, which was addressed to the Hamlet Country Club, Judge French referred to his resignation from the country club board, putting his house up for sale, and his intention “of leaving the community and club forever.” Within the letter, he stated that a bylaw amendment of that club had been passed “to comply "with the promises made by the pro-mandatory forces and the then acting board of directors who were attempting to appease those people including myself who had concerns that the mandatory membership could severely affect the future alienation of our properties.”
 

 In the second letter, which was addressed to the treasurer of Hamlet Country Club, Judge French stated that he had made it clear to the board that its settlement with anti-mandatory forces “would only postpone the day of reckoning regarding the legality of the mandatory vote.” The representative provided details as to when he had become aware that Judge French was in a dispute with the Hamlet Country Club over the status of his membership and the amount he owed for unpaid dues and other charges. The Hamlet Country Club was claiming that Judge French owed it over $39,000. Defendant’s representative believed this potential liability prejudiced Judge French against mandatory club membership for residents of country club communities. He believed Judge French was biased against defendant’s position in the instant litigation and that anyone in defendant’s position would lack confidence in Judge French’s impartiality. After Judge French denied the motion as legally insufficient, the defendant filed this petition for writ of prohibition.
 

 Rule 2.330(f) requires a judge to enter an order granting disqualification if the motion to disqualify is “legally sufficient.” The motion is legally sufficient if it shows the party’s well-grounded fear that the party will not receive a fair trial.
 
 See Enter. Leasing Co. v. Jones,
 
 789 So.2d 964, 968 (Fla.2001);
 
 Livingston v. State,
 
 441 So.2d 1083, 1087 (Fla.1983). It is not a question of what the judge feels, but the feeling in the mind of the party seeking to disqualify and the basis for that feeling.
 
 See Goines v. State,
 
 708 So.2d 656, 659 (Fla. 4th DCA 1998) (“[T]he facts underlying the well-grounded fear must be judged from the perspective of the moving party.”),
 
 disagreed with on other grounds by Thompson v. State,
 
 949 So.2d 1169 (Fla. 1st DCA 2007),
 
 quashed,
 
 990 So.2d 482 (Fla.2008);
 
 Wargo v. Wargo,
 
 669 So.2d 1123, 1124 (Fla. 4th DCA 1996). Of course, the party seeking disqualification has the burden of showing that the party
 
 *472
 
 has a well-grounded fear of not receiving a fair trial.
 
 See Adkins v. Winkler,
 
 592 So.2d 357 (Fla. 1st DCA 1992).
 

 Whether a motion is legally sufficient is a question of law that is reviewed by the appellate court
 
 de novo. Barnhill v. State,
 
 834 So.2d 836, 843 (FIa.2002),
 
 cert. denied,
 
 539 U.S. 917, 123 S.Ct. 2281, 156 L.Ed.2d 134 (2003);
 
 Chillingworth v. State,
 
 846 So.2d 674, 676 (Fla. 4th DCA 2003). If a judge’s prejudice is “predicated on grounds with a modicum of reason,” the judge should promptly recuse.
 
 Hayslip v. Douglas,
 
 400 So.2d 553, 555 (Fla. 4th DCA 1981).
 

 Defendant contends Judge French also should have disclosed the foregoing facts himself, as they constitute information which a litigant might believe relevant. He cites Canon 3E(1) of the Florida Code of Judicial Conduct:
 

 A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis.
 

 See In re Frank,
 
 753 So.2d 1228, 1238-39 (Fla.2000) (holding that the standard for disclosure is lower than the standard for disqualification). Defendant argues that Judge French’s failure to disclose this information at the outset also militates in favor of his disqualification.
 
 Mulligan v. Mulligan, 877
 
 So.2d 791 (Fla. 4th DCA 2004) (granting petition for writ of prohibition, where motion was based in part on judge’s failure to disclose his close friendship with opposing counsel).
 

 We agree that the fact that Judge French’s personal situation aligns him with the plaintiffs position on the primary issue to be determined in this litigation supports his disqualification.
 
 Compare Southeast Bank, N.A. v. Capua,
 
 584 So.2d 101 (Fla. 3d DCA) (holding bank was entitled to disqualification of judge who was guarantor of another note given to same bank on which maker defaulted, identical to the note at issue in the litigation, such that judge might find himself in same posture if bank filed action on that note),
 
 cause dismissed sub nom. Royal Trust Tower, Ltd. v. Southeast Bank, N.A.,
 
 592 So.2d 682 (Fla.1991), and
 
 rev. denied,
 
 641 So.2d 1344 (Fla.1994).
 

 We disagree with plaintiffs position that the defendant has alleged only disagreement with an adverse ruling,
 
 compare Barwick v. State,
 
 660 So.2d 685, 692 (Fla. 1995),
 
 cert. denied,
 
 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996),
 
 receded from on other grounds by Topps v. State,
 
 865 So.2d 1253 (Fla.2004), or a judge’s expression of a personal view of an issue of law that is at issue in the case,
 
 compare State ex rel. Gerstein v. Stedman,
 
 233 So.2d 142 (Fla. 3d DCA),
 
 opinion adopted,
 
 238 So.2d 615 (Fla.1970);
 
 State ex rel. Sagonias v. Bird,
 
 67 So.2d 678 (Fla.1953);
 
 Rodgers v. State,
 
 948 So.2d 655, 672-73 (Fla.2006),
 
 cert. denied,
 
 — U.S. -, 128 S.Ct. 59, 169 L.Ed.2d 50 (2007).
 

 We find that the defendant has shown “an actual factual foundation for the alleged fear of prejudice.”
 
 Fischer v. Knuck,
 
 497 So.2d 240, 242 (Fla.1986). There was no need for the defendant to show proof of Judge French’s actual prejudice; it needed to show only a well-founded fear of bias. We conclude that it did so.
 

 Petition Granted.
 

 TAYLOR, DAMOORGIAN and CIKLIN, JJ., concur.