CLARK, J.
This is an appeal of a circuit court order compelling a pregnant woman to submit to any medical treatment deemed necessary by the attending obstetrician, including detention in the hospital for enforcement of bed rest, administration of intra-venous medications, and anticipated surgical delivery of the fetus. The action was initiated in the circuit court by the State Attorney under the procedure described in In re Dubreuil, 629 So.2d 819 (Fla.1994). As provided in Dubreuil, after the State Attorney received notification from a health care provider that a patient refused medical treatment, the State Attorney exercised his discretion to determine that a sufficient state interest was at stake to justify legal action.
This appeal is moot with regard to Appellant because, as ordered, she submitted to the hospital confinement, medical treatment and surgical delivery. Two days after entry of the order, Appellant’s deceased fetus was delivered by Cesarean section. Thus, the justiciable controversy between these parties has expired. However, mootness does not preclude appellate jurisdiction if the issue is “capable of repetition yet evading review,” as in the case of medical issues which require immediate resolution. See Roe v. Wade, 410 U.S. 113, *265 98 S.Ct. 705, 35 L.Ed.2d 147 (1973); Matter of Dubreuil, 629 So.2d 819 (Fla.1993); Holly v. Auld, 450 So.2d 217, n. 1 (Fla.1984); Philip Padovano, Florida Appellate Practice, § 1.4, p. 9 (2007-8 ed.).
The situation presented to the trial court in this case is capable of repetition yet evading review. Florida case precedent has addressed the right to privacy where a patient seeks to discontinue life-sustaining medical treatment, refuse a life-saving medical procedure, and as applied to statutory regulation of a minor’s decision whether or not to continue her pregnancy. In re Guardianship of Browning, 568 So.2d 4 (Fla.1990); In re Dubreuil, 629 So.2d 819 (Fla.1994); In re T.W., 551 So.2d 1186 (Fla.1989). However, case precedent governing the use of a Dubreuil proceeding to compel a pregnant woman to undergo medical confinement, treatment and procedures against her wishes for the benefit of her unborn fetus is not found in Florida’s jurisprudence. In an effort to assist trial courts and counsel involved in these expedited, if not emergency proceedings, we exercise our discretionary authority to address this appeal. See In re T.A.C.P., 609 So.2d 588 (Fla.1992); Harrell v. St. Mary’s Hospital, 678 So.2d 455 (Fla. 4th DCA 1996).
The trial court found that the appellant had failed to follow the doctor’s instructions and recommendations, rendering her pregnancy “high-risk,” and found a “substantial and unacceptable” risk of severe injury or death to the unborn child if the appellant continued to fail to follow the recommended course of treatment. The trial court stated the rule that “as between parent and child, the ultimate welfare of the child is the controlling factor,” and concluded that the State’s interests in the matter “override Ms. Burton’s privacy interests at this time.” The court ordered Samantha Burton to comply with the physician’s orders “including, but not limited to” bed rest, medication to postpone labor and prevent or treat infection, and eventual performance of a cesarean section delivery.
The law in Florida is clear: Every person has the right “to be let alone and free from government intrusion into the person’s private life.” Art. I, sec. 23, Fla. Const. This fundamental right to privacy encompasses a person’s “right to the sole control of his or her person” and the “right to determine what shall be done with his own body.” In re Guardianship of Browning, 568 So.2d 4, 10 (Fla.1990). The Florida Supreme Court has specifically recognized that “a competent person has the constitutional right to choose or refuse medical treatment, and that right extends to all relevant decisions concerning one’s health.” Browning, 568 So.2d at 11.
A patient’s fundamental constitutional right to refuse medical intervention “can only be overcome if the state has a compelling state interest great enough to override this constitutional right.” Singletary v. Costello, 665 So.2d 1099, 1105 (Fla. 4th DCA 1996). Thus, the threshold issue in this situation is whether the state established a compelling state interest sufficient to trigger the court’s consideration and balance of that interest against the appellant’s right to refuse to submit to the medical intervention the obstetrician prescribed. The state’s interest in the potentiality of life of an unborn fetus becomes compelling “at the point in time when the fetus becomes viable,” defined as “the time at which the fetus becomes capable of meaningful life outside the womb, albeit with artificial aid.” Roe v. Wade, 410 U.S. 113, 163, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); In re T.W., 551 So.2d 1186, 1193 (Fla.1989). The Legislature has defined “viability” as “that stage of fetal development when the life of the unborn child may *266 with a reasonable degree of medical probability be continued indefinitely outside the womb.” § 390.0111(4), Fla. Stat. No presumption of viability is provided in the statute.
Because there is no statutory or precedential presumption of viability, in terms of the stage of pregnancy or otherwise, there must be some evidence of viability via testimony or otherwise. Only after the threshold determination of viability has been made may the court weigh the state’s compelling interest to preserve the life of the fetus against the patient’s fundamental constitutional right to refuse medical treatment.
Even if the State had made the threshold showing of viability and the court had made the requisite determination, the legal test recited in the order on appeal was a misapplication of the law. The holding in M.N. v. Southern Baptist Hosp. of Florida, 648 So.2d 769 (Fla. 1st DCA 1994), “that as between parent and child, the ultimate welfare of the child is the controlling factor,” does not apply to this case. Unlike this case, in M.N., the parents refused consent for a blood transfusion and chemotherapy for their 8-month-old infant. No privacy rights of a pregnant woman were involved.
The test to overcome a woman’s right to refuse medical intervention in her pregnancy is whether the state’s compelling state interest is sufficient to override the pregnant woman’s constitutional right to the control of her person, including her right to refuse medical treatment. Dubreuil, 629 So.2d 819; Browning, 568 So.2d 4; Public Health Trust of Dade County v. Wons, 541 So.2d 96 (Fla.1989). In addition, where the state does establish a compelling state interest and the court has found the state’s interest sufficient to override a pregnant patient’s right to determine her course of medical treatment, the state must then show that the method for pursuing that compelling state interest is “narrowly tailored in the least intrusive manner possible to safeguard the rights of the individual.” Browning, 568 So.2d at 14.
REVERSED.
VAN NORTWICK, J., Concurs with Written Opinion, and BERGER, WENDY, Associate Judge, Dissents with Written Opinion.