# Third District Court of Appeal

### State of Florida

Opinion filed November 26, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2247
Lower Tribunal No. 13-15624
_____

**R.C.,**
Petitioner,

vs.

**Department of Children and Family Services and
Guardian Ad Litem Program,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Cindy S. Lederman, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counse, Third Region, and Kevin Coyle Colbert, for petitioner.

Karla Perkins, for Department of Children & Families; Patricia Murphy Propheter, for Guardian Ad Litem Program, respondents.

Before SHEPHERD, C.J., and SALTER and FERNANDEZ, JJ.

SHEPHERD, C.J.

R.C., the respondent in a petition filed by the Florida Department of Children and Families seeking to terminate her parental rights in her three children, seeks certiorari relief from a sua sponte order of the trial court directing her to submit to a pregnancy test. Because the trial court wholly failed to afford R.C. notice and there is no showing of good cause, as required by law, we quash the order.

## Facts

On August 25, 2014, R.C. appeared for a status conference in this termination of parental rights case regarding her three minor children, T.C. (D.O.B. 12/14/09), L.C. (D.O.B. 3/9/11), and D.L., (D.O.B. 12/13/11). Apparently concerned that R.C. was yet again pregnant, the guardian ad litem asked the court to place R.C. under oath and inquire. In response to progressively more insistent questioning by the trial judge, R.C. thrice answered, "I don't know." Displaying palpable incredulity at R.C.'s answers, the court ordered R.C. to submit to a pregnancy test, first on the court's belief it would be a violation of her case plan for her to become pregnant. After R.C.'s counsel corrected that misconception, the trial court nevertheless continued her insistence on the test, over objection, on the basis that if she is pregnant, "she's hurting her fetus by not getting prenatal care." R.C. timely has sought relief from that order.[1]

---

[1] In accordance with custom and practice, this court ordered counsel for both the Florida Department of Children and Families and the Guardian Ad Litem Program

2

## Analysis

Certiorari relief is available when an interlocutory order causes material injury that cannot be remedied on direct appeal.  E.g., <u>G.D. v. Dep't of Children & Family Servs.</u>, 870 So. 2d 235, 237 (Fla. 2d DCA 2004) (citing <u>Martin–Johnson, Inc. v. Savage</u>, 509 So.2d 1097, 1099 (Fla.1987)).  "If this threshold requirement is met, then certiorari will only be granted when the order amounts to a departure from the essential requirements of the law."  <u>Id.</u>  This is such a case.  <u>See e.g.</u>, <u>J.B. v. M.M.</u>, 92 So. 3d 888, 889 (Fla. 4th DCA 2012) (holding that certiorari jurisdiction lies to review an order compelling a psychological evaluation under Florida Rule of Juvenile Procedure 8.250(b)).

Section 39.407(15) of the Florida Statutes (2014) provides:

> At any time after the filing of a shelter petition or petition for dependency, when the mental or physical condition, including the blood group, of a parent, caregiver, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. **The order may be made only upon good cause shown and pursuant to notice and procedures as set forth by the Florida Rules of Juvenile Procedure.**

---

to respond to the petition.  For reasons of its own, appellate counsel for the Department of Children and Families responded the Department would "stand mute" on the issue.  Appellate counsel for the Guardian Ad Litem Program responded the test was not its idea.  It strains credulity to believe that neither the Department nor the Program had any counsel it could offer the court on one of the core statutes for which it is responsible.  <u>See</u> <u>Rumph v. V.D.</u>, 667 So. 2d 998 n. 5 (Fla. 3d DCA 1996) (Schwartz, specially concurring).

(emphasis added). Florida Rule of Juvenile Procedure 8.250(b) repeats these statutory requirements and adds the order "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." In this case, the order states only: "[I]t is hereby ORDERED and ADJUDGED (over mother's objection) that the Mother refused to reveal whether or not she is pregnant after being asked by the Court, and that the mother shall submit to a pregnancy test." The pertinent portion of the transcript of the hearing leading up to the order reads as follows:

> [GAL COUNSEL:] Can we inquire whether the mother is present? (sic)
>
> JUDGE LEDERMAN: All right. Let's put the mother under oath.
>
> THE CLERK: Mom, raise your right hand, please.
> (Whereupon, the mother was duly sworn)
>
> JUDGE LEDERMAN: Okay. Tell me your name, ma'am.
>
> THE MOTHER: [R.C.].
>
> JUDGE LEDERMAN: Are you pregnant, Ms. [C.].
>
> THE MOTHER: I don't know.
>
> JUDGE LEDERMAN: What do you mean, you don't know?
>
> THE MOTHER: I don't know.
>
> JUDGE LEDERMAN: Okay. You honestly don't know if you're pregnant?

4

THE MOTHER:  I don't know.

JUDGE LEDERMAN:  Well, you look pregnant to all of us.

THE MOTHER.  Oh.

JUDGE LEDERMAN:  So if you are pregnant and you haven't been getting prenatal care, that's like hurting -- that's hurting your fetus.  You understand that?

And I find it hard to believe that you don't know if you're pregnant, so I'm going to ask you one more time.  Are you pregnant?

THE MOTHER:  I don't know.

[MOTHER'S COUNSEL]:  Your Honor, she may not know.  She's had several kids, so that may be just -- well, Judge, we're –

JUDGE LEDERMAN:  Okay.  Well, that will be in violation of her case plan, first; and second –

[MOTHER'S COUNSEL]:  No.  No.  Your Honor, it wouldn't be in violation of the -- her case plan.

JUDGE LEDERMAN:  It will certainly be bad judgment.

[MOTHER'S COUNSEL]:  Judge, this mother -- in violation of the case plan.

Well, I'll -- I'll talk with her.

JUDGE LEDERMAN:  And if she's pregnant and not getting prenatal care, that's -- that's abuse.  That's child abuse.

[MOTHER'S COUNSEL]:  I'm going to -- I'll talk with her after the hearing.

JUDGE LEDERMAN:  So she probably is pregnant and not getting prenatal care.  Bad day.

5

Okay.   So I'm going to order a pregnancy test this week. Okay?

I need you to get a pregnancy test.

[MOTHER'S COUNSEL]:  Your Honor -- Your Honor, I don't believe Your Honor can order a pregnancy test.

JUDGE LEDERMAN:   I'm going to -- well, you can appeal me.

As a concluding thought, the court stated, "I want to test her since it would be to her benefit to know if she's pregnant or not."

It is patently obvious from the record in this case that the trial judge acted for reasons of her own rather than any rule of law.  R.C. received no notice of the imposition being made upon her by the court and no opportunity for a reflective response by her counsel, the hallmark of notice and due process.  See F.M. v. Dep't of Children & Families, 758 So. 2d 1262, 1264 (Fla. 5th DCA 2000) (holding that the trial court erred in ordering a psychological evaluation under rule 8.250(b) without giving fair and advance notice).  In addition, the order entered by the trial judge fails to include any of the specific information required by rule 8.250(b).[2]

Finally, if the trial court intended her sua sponte comments on the record to be her reasons for ordering R.C. to have a pregnancy test, the comments fail as a

---

[2] Nor is a new pregnancy among the statutorily established grounds enumerated in section 39.806 of the Florida Statutes (2014) to support a termination of parental rights.

6

matter of law. There was a difference among those present concerning whether or not R.C. "appeared" to be pregnant. Moreover, in our society, it is well settled that "a competent person has the constitutional right to . . . refuse medical treatment," In re Guardianship of Browning, 568 So. 2d 4, 11 (Fla. 1990), and that right "can only be overcome if the state has a compelling state interest great enough to override this constitutional right." See Burton v. State, 49 So. 3d 263, 265 (Fla. 1st DCA 2010) (quoting Singletary v. Costello, 665 So.2d 1099, 1105 (Fla. 4th DCA 1996)). No such analysis was done or attempted in this case. Id. As Alexander Hamilton long ago warned us, "It can be of no weight to say that the courts, on the pretense of a repugnancy, may substitute their own pleasure to the constitutional intentions of the legislature." The Federalist No. 78 (Alexander Hamilton). The principle bears an occasional reiteration, even (and perhaps especially) in our children's court. There was no pretense made of following any legislative directives or intentions in this case.

Petition granted. Order quashed.