# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2280
Lower Tribunal No. 14-5373

_____

**Monica Medina,**
Petitioner,

vs.

**Aaron Haddad,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Monica Medina, in proper person.

Boies, Schiller & Flexner LLP and Theodore H. Uno, Lauren M. Alperstein, and Stephanie Matalon, (Hollywood), for respondent.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

SUAREZ, C.J.

This Petition for Certiorari arises out of an order by the trial court requiring a "therapeutic evaluation" of the parties' minor child. For the reasons stated below, we grant the Petition and quash the trial court's order.

The parties are the parents of a minor child; the parties separated in 2012. In the underlying paternity action, the parties entered into an Agreed Order on Temporary Timesharing in 2014. In June 2015 Respondent filed a Motion to Compel Individual Therapy for the Minor Child and Other Relief, to which Petitioner objected. At the evidentiary hearing on the motion, the Respondent claimed the child was suffering from stress due to the ongoing acrimonious litigation between the parties. The Respondent claimed his motion was a request for the child to be seen by a therapist solely for a consultation to see if therapy was necessary to help the child cope with the stress. It appears undisputed that the child had participated in therapy for some limited periods in the past. It is also undisputed that the child's psychological health is not an issue in the litigation. At the hearing on the motion, the trial court stated that it was inclined to allow Respondent to "have the child evaluated" "to determine whether the child has the need for any psychotherapy due to any stresses that may have been caused by this litigation." Eventually, the trial court granted the motion and entered an order requiring a "therapeutic consultation" for the child. The Order states in part:

> The minor child shall have an initial therapeutic consultation … to determine whether or not the child is in need of further psychological therapy due to any stresses that may have been caused by the pending litigation. …
> [The doctor] will meet with both parents and then meet with the child, alone. At the end of her consultation [the doctor] will inform both parents whether or not there is a need for additional psychological therapy for the minor child. …

2

> So that there is no misunderstanding, this Court is not ordering a psychological evaluation of the minor child, nor has the father requested a psychological evaluation of the minor child.

Petitioner seeks a writ of certiorari to quash that order.

We grant the petition and quash the trial court's order. We find that despite the trial court's attempt at limiting language, i.e., referring to the consultation not as a psychological evaluation but as a "therapeutic consultation," what is really being ordered is a compulsory psychological evaluation of the child. As such, the petitioner was required to comply with Florida Rules of Civil Procedure 1.360 and Family Law Rule 12.360 and was required to prove that the child's mental condition was "in controversy" in the litigation, and that "good cause" existed for the compulsory psychological evaluation. Wade v. Wade, 124 So. 3d 369, 374-76 (Fla. 3d DCA 2013). Petitioner is not able to establish either. First, it was stipulated that the child's mental health is not in controversy in the litigation between the parties and second, we find that the Petitioner failed to establish "good cause" to require the compulsory exam. Therefore, we grant the Petition for a writ of Certiorari and quash the trial court's order below.