# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2500
Lower Tribunal No. 17-16674
_____

**Arlene Delgado,**
Petitioner,

vs.

**Jason Miller,**
Respondent.

A Writ of Certiorari to the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, George A. Sarduy, Judge.

Arlene Delgado, in proper person.

Perez-Abreu & Martin-Lavielle, P.A., and Ana Martin-Lavielle, and Christina MacRobert-Ruiz, for respondent.

Before SALTER, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Arlene Delgado, the Mother, seeks certiorari review of an order compelling both her and Jason Miller, the Father, to submit to psychological evaluations in the underlying paternity action. Because the trial court departed from the essential requirements of the law in failing to comply with the requirements set forth in the Florida Rules of Civil Procedure and the Florida Family Law Rules of Procedure, we grant the Petition for Writ of Certiorari and quash the order under review.

We have certiorari jurisdiction to review the trial court's order compelling the parties to undergo psychological evaluations. See, e.g., In re G.D., 870 So. 2d 235, 237 (Fla. 2d DCA 2004) ("This court has held that interlocutory orders that improperly require mental examinations cause material injury to the petitioner that cannot be remedied on direct appeal."). Because the threshold jurisdictional requirement is met, we consider whether the order departs from the essential requirements of the law. See, e.g., R.C. v. Dep't of Children & Family Servs., 150 So. 3d 1277, 1278 (Fla. 3d DCA 2014). For the reasons set forth below, we hold that it does.

Generally, a party requesting that another party submit to a psychological examination must comply with the requirements set forth in Florida Rule of Civil Procedure 1.360 and Florida Family Law Rule of Procedure 12.360. See Medina v. Haddad, 199 So. 3d 450 (Fla. 3d DCA 2016); Wade v. Wade, 124 So. 3d 369 (Fla. 3d DCA 2013). These rules require that the condition subject to examination

2

be "in controversy" and that the party submitting the request have "good cause" for the examination. Fla. R. Civ. P. 1.360(a)(1) and (2); Fla. Fam. L. R. P. 12.360(a)(1) and (2); see also Wade, 124 So. 3d at 374 ("At any hearing on the request for compulsory examination, the party submitting the request has the burden of showing that both the 'in controversy' and 'good cause' prongs have been satisfied."). Moreover, where the condition in controversy is not physical, "[t]he order for examination may be made only after notice to the person to be examined and to all parties, and must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fla. R. Civ. P. 1.360(a)(1)(B); Fla. Fam. L. R. P. 12.360(a)(1)(B).

The parties agree that these requirements were not met; however, the Father argues that the Mother waived compliance with the rules because she agreed to the psychological evaluation. Based on the order itself and the record before us, we disagree.

The order, on its face, is inconsistent with the Father's argument. The proposed order, which Father's counsel drafted, was originally titled "CONFIDENTIAL AGREED ORDER FOR BOTH PARTIES TO UNDERGO PSYCHOLOGICAL EVALUATIONS." However, when the trial court allowed the Mother to review the proposed order, she did not agree to its terms, so the trial court crossed out "CONFIDENTIAL AGREED" from the title and signed it

3

anyway.[1]    Although the Mother had conditionally agreed to a psychological evaluation at an earlier case management conference, the proposed order did not reflect the conditions of that agreement.    Because there was no agreement, a psychological evaluation could only be ordered in compliance with rules 1.360 and 12.360.    Failure to comply with these rules is a departure from the essential requirements of the law.  See Medina, 199 So. 3d at 451; R.C., 150 So. 3d at 1278; Wade, 124 So. 3d at 374.  We therefore grant the Petition for Writ of Certiorari and quash the trial court's November 13, 2018 order compelling the parties to undergo psychological evaluations.

Petition granted; order quashed.

---

[1]    Aside from the fact that the Mother did not agree, the order is patently inconsistent on its face.  While the words "CONFIDENTIAL AGREED" appear to have been manually crossed out of the caption, left in the body of the first paragraph was the following language: "both parties have agreed to undergo mental health examinations with Dr. Edward Szcechowicz, and waived their right to have a hearing on [the pending motions for each of the parents to undergo a mental health examination]."

4