# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1826
Lower Tribunal No. 17-16674
_____


**Arlene J. Delgado,**
Petitioner,

vs.

**Jason Miller,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Velegal PLLC, and Laline Concepcion-Veloso, for petitioner.

Nancy A. Hass P.A., and Nancy A. Hass (Fort Lauderdale), for respondent.


Before HENDON, MILLER, and LOBREE, JJ.

MILLER, J.

Through this proceeding, petitioner, the mother, seeks a writ of prohibition to prevent the assigned trial judge from further presiding over the case. For the reasons articulated below, we deny relief.

Tracing its origins to a petition to establish the paternity of a child conceived and born outside of marriage, this high-conflict, heavily litigated dispute is familiar to this court. See, e.g., Delgado v. Miller, 264 So. 3d 1040 (Fla. 3d DCA 2019); Delgado v. Miller, 290 So. 3d 481 (Fla. 3d DCA 2019); Delgado v. Miller, 290 So. 3d 484 (Fla. 3d DCA 2019); Delgado v. Miller, 314 So. 3d 515 (Fla. 3d DCA 2020); J.M. v. A.J.D., 349 So. 3d 281 (Fla. 3d DCA 2021); Delgado v. Miller, 349 So. 3d 313 (Fla. 3d DCA 2021); J.M. v. A.J.D., 337 So. 3d 333 (Fla. 3d DCA 2022); Delgado v. Miller, No. 3D22-0118, 2022 WL 17156671 (Fla. 3d DCA Jan. 31, 2022); Delgado v. Miller, No. 3D22-0341, 2022 WL 2816552 (Fla. 3d DCA Apr. 6, 2022), review dismissed, No. SC22-879, 2022 WL 2508583 (Fla. July 7, 2022), reinstatement denied, No. SC22-879, 2022 WL 2720518 (Fla. July 14, 2022); A.J.D. v. J.M., No. 3D22-1280, 2022 WL 17128822 (Fla. 3d DCA Aug. 4, 2022), reh'g denied (Aug. 24, 2022). A succession of disqualifications and recusals have stymied the progress of the case for the past five and a half years, rendering finality an elusive goal.

The instant petition follows the denial of the mother's eighth motion for disqualification. The mother has successfully disqualified at least one prior judicial officer. Observing that limited judicial resources demand vigilance in thwarting any potential misuse of disqualification motions for strategic reasons, we review the denial of disqualification of a successor judge under a slightly different framework than that applicable to an initially assigned judge. Our review is guided by several separate, but overlapping, principles of law.

It is well-settled under Florida law that "[a] motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005). The fear of prejudice must of course be "reasonably objective." Se. Bank, N.A. v. Capua, 584 So. 2d 101, 103 (Fla. 3d DCA 1991).

It is axiomatic, however, that "a judge's adverse rulings or factual findings following an evidentiary hearing cannot ordinarily serve as a basis for a party to seek to disqualify the trial judge." Samra v. Bedoyan, 299 So. 3d 1138, 1141 (Fla. 3d DCA 2020); see also Aquasol Condo. Ass'n v. HSBC Bank USA, Nat'l Ass'n, 312 So. 3d 105, 108 (Fla. 3d DCA 2018); Pilkington

3

v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015).  Indeed, to impute a contrary presumption would render the judge incapable of weighing the credibility of competing evidence.

Regarding successor judges, section 38.10, Florida Statutes (2022), provides, in pertinent part:

> [W]hen any party to any action has suggested the disqualification of a trial judge and an order has been made admitting the disqualification of such judge and another judge has been assigned and transferred to act in lieu of the judge so held to be disqualified, the judge so assigned and transferred is not disqualified on account of alleged prejudice against the party making the suggestion in the first instance, or in favor of the adverse party, unless such judge admits and holds that it is then a fact that he or she does not stand fair and impartial between the parties.

§ 38.10, Fla. Stat.  Similarly, Florida Rule of General Practice and Judicial Administration 2.330(i) states:

> If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (e), a successor judge cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case.  Such a successor judge may rule on the truth of the facts alleged in support of the motion.

Fla. R. Gen. Prac. & Jud. Admin. 2.330(i).

Consistent with these sources of authority, an order denying the disqualification of a successor judge is reviewed for an abuse of discretion. King v. State, 840 So. 2d 1047, 1049 (Fla. 2003).  Prohibition does not lie

4

unless "the record clearly refutes the successor judge's decision to deny the motion." Kokal v. State, 901 So. 2d 766, 774 (Fla. 2005) (quoting Pinfield v. State, 710 So. 2d 201, 202 (Fla. 5th DCA 1998)).

Here, the grounds asserted below in furtherance of disqualification are all derived from findings made by the trial court in a fifty-six-page order granting the mother attorney's fees. The order was rendered following an evidentiary hearing and significantly reduced the amount of fees sought by the mother. In the order, the court characterized the parties' historically acrimonious relationship, described the mother's writing style as "histrionic," and found the mother was directing the litigation strategy.[1]

The mother argues these findings reveal gender bias by the judge, in large part because the word "histrionic" is derived from the Greek term "hysteria," meaning uterus. Putting aside the etymology of the word "histrionic," its contemporary definition is not suggestive of gender, and the complained-of findings are all tethered to factual and legal determinations regarding the disputed authorship of documents and the ensuing

---

[1] The mother asserts the assigned trial judge adopted wording used by the father in prior filings. We reiterate the well-settled principle that such submissions should not "substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004).

5

compensability of fees.[2]  Viewed as a whole, the order merely recounts the protracted case history and takes both parties equally to task for their participation in years of purported scorched earth litigation.

Under these circumstances and informed by our more stringent standard of review, the record does not clearly refute the decision by the trial judge to deny disqualification.  Accordingly, we deny the petition for writ of prohibition.

Petition denied.

LOBREE, J., concurs.

---

[2] "Histrionic" has two definitions: "Of or relating to actors or acting," and "[e]xcessively dramatic or emotional; affected."  Histrionic, The American Heritage Dictionary (5th ed. 2019).

6

HENDON, J., dissenting.          **Arlene Delgado v. Jason Miller**
                                 **Case No. 3D22-1826**

On de novo review of the record, I conclude that the record presents a reasonable basis to believe that the trial judge would be unable to impartially consider the evidence in the case. The trial judge's comments established objectively reasonable grounds for the Mother's subjective fear of not receiving a fair hearing. Accordingly, I would grant the Petition for Writ of Prohibition.